ANTHONY, Appellant, *vs.* ROGERS *et al.*, Respondents.

1. Where A. executes a bond to convey certain land to B., on the payment of a specified sum, after a tender of the amount, B. has such an interest in the land as is subject to sale under execution.

*Appeal from Buchanan Circuit Court.*

*Vories & Gardenhire,* for appellant. So far as the rights of the appellant are concerned, it is immaterial whether the absolute deed and bond constitute a conditional sale or a mortgage. In either case, Kennedy had such an interest as could be sold under execution. If it be a conditional sale, a tender, at the time specified in the bond, was substantially admitted in the answer, and was proved by two witnesses. A tender in a regular manner is not necessary, if the other party previously refuses to accept it, or by his conduct dispenses with it. *Blight's Executors* v. *Ashley,* Peter's C. C. R. 15. 2 Wash. C. C. R. 142. 8 J. R. 474.

But it is insisted that the transaction was a mortgage. Cruise's Dig. title Mortgage, chap. 1, secs. 11, 12. 7 Cranch, 218. 1 Vesey Sr. 160. 7 Pick. 159. 3 Watts, 188. 6 ib. 405, 126. 15 J. R. 205. 4 Pick. 349. 4 J. Ch. R. 167. The rents and profits of the land, while the mortgagee is in

Anthony v. Rogers et al.

possession, are to be applied in reduction of the principal and interest of the mortgage debt, 9 Mo. Rep. 545. 2 Summers' C. C. R. 401. While the mortgagee is to be allowed for all repairs necessary for the protection and preservation of the property, he is not allowed for general improvements, made without the consent of the mortgagor, when they enhance the value of the estate ; and especially, if they are such as may embarrass the mortgagor's right or ability to redeem. *Calkins* v. *Calkins*, 3 Barbour's Rep. 313.

*Loan*, for respondents. The deed and title bond taken together do not constitute a mortgage. *Glover* v. *Payne*, 19 Wend. 518. Parol evidence is not admissible to vary the effect of these instruments. The only exception to this rule is, where the defeasance has been omitted or destroyed by fraud, surprise or mistake. 4 Kent, 142, and cases there cited. If parol evidence is admissible, yet the facts, as shown by the bill, answers, and proof, in this case, do not show the essential requisites of a mortgage. *Desloge & Rozier* v. *Ranger*, 7 Mo. Rep. 329. *Williams* v. *Rorer*, ib. 566–7–9. *Harrison* v. *Lee*, 1 Littell's Rep. 191. *Skinner* v. *Miller*, 5 ib. 86. *Edrington* v. *Harper*, 3 J. J. Marsh. 353. *Kenny* v. *Marsh*, 2 A. K. Marsh. 46. *Flowers* v. *Sproule*, ib. 54. *Prince* v. *Bearden*, 1 ib. 169. *Gray* v. *Prather*, 2 Bibb, 223. *Peterson* v. *Clark*, 15 J. R. 205.

GAMBLE, Judge, delivered the opinion of the court.

Anthony filed his bill in chancery for the purpose of obtaining the title to a lot in the town of St. Joseph, in Buchanan county. The case appears to be this. One Kennedy, the owner of the lot, on the 31st January, 1845, obtained from Rogers and McCauley, the sum of $541 74, and on that day, executed an absolute conveyance of the property to them. On the same day, they executed a title bond binding themselves to convey the property to Kennedy, if he would pay to them the sum of $591 74 on or before the first day of February, 1846.

Anthony *v.* Rogers et al.

By the answer, as well as by the evidence given in the cause, it would appear that the title bond was drawn and executed after the conveyance had been executed and acknowledged. On the first day of February, 1846, Kennedy caused the money mentioned in the title bond to be tendered to Rogers, and a deed was demanded of Rogers conveying the title of Rogers and McCauley. McCauley had before that time left the state. According to the testimony of one witness, Rogers admitted the tender to be complete; according to the testimony of another, the money was offered, although not counted, because Rogers was unwell, and stated that he was without legal advice as to what he should do. The answer of Rogers to the seventh interrogatory in the bill, admits that the persons acting as the agents of Kennedy brought money to his house on the first of February, 1846, and offered it upon condition that a deed was made from Rogers and McCauley. The answer and the testimony make out a sufficient tender. In May, 1846, after the tender was made, a judgment was recovered against Kennedy in the Buchanan Circuit Court for a fine, and upon execution issued upon that judgment, Kennedy's title to the property was sold, and the plaintiff became the purchaser. Kennedy had continued in possession after his conveyance to Rogers and McCauley, although Rogers and McCauley had commenced an ejectment in July, 1845, against the tenants, to recover the possession.

1. The principal question in this case is, whether Kennedy had any such interest in the property, at the time of complainant's purchase, as could be sold on judgment and execution, so as to authorize the complainant, as the representative of Kennedy, to ask any relief. The transaction was either a mortgage or a conditional sale; and if the rights of the complainant would be affected by determining to which class it belongs, it would be necessary to examine the evidence given on the trial, to show the nature of the transaction. But it is not thought that the rights of the parties are dependent upon the question, whether it was a mortgage to Rogers and McCauley

Anthony *v.* Rogers et al.

or a conditional sale from them to Kennedy. If it was a mortgage, then by the established law of this court, the right of Kennedy, the mortgagor, was liable to sale upon judgment, and execution, and the complainant would have acquired the right of Kennedy by his purchase. If it be a conditional sale to Kennedy upon the terms set out in the title bond, then upon the performance or offer to perform the stipulations upon which Kennedy's right depended, he became entitled in equity to the property, holding such interest in it as is liable to sale under judgment and execution. In the case of *Robertson* v. *Brant*, 16 Mo. Rep. 129, it was held, that a person holding a covenant for the conveyance of real estate upon the payment of a certain consideration at a fixed time, who had executed no obligation for the payment of the purchase money, had no interest in the property, vendible on execution, until he had paid, or offered to pay the purchase money according to the terms of the covenant. It is strongly implied in the opinion in that case, that when the conditional vendee has made his election to take the title, and has offered to pay the purchase money within the terms of the contract, there is a seisin in equity in the vendor to the use of the vendee, which may be sold under a judgment and execution against the vendee.

The tender in this case having been made, according to the letter of the contract, Kennedy had an interest in the property which could be sold, and which complainant acquired at the sheriff's sale. No objection is made to the proceeding in which the complainant acquired the title, and we are to take him as invested with Kennedy's right.

In the answer of Rogers, the efficacy of the tender is denied, because, as it is alleged, Kennedy had borrowed the money or a part of it, upon a promise to return it immediately, calculating upon the improbability that Rogers would be able to comply with the terms of the bond, by giving a conveyance in the name of Rogers and McCauley. This, however, is no sufficient objection to the tender, for he could have tested it by an offer of immediate compliance with the terms of the bond, if he

was prepared to comply, and then, possibly, the tender would have been withdrawn, and he would thereby have been discharged from his obligation. In this case, there is no reason shown, why the bond should not be complied with by Rogers and McCauley. That it was given with the expectation that Kennedy would not be able to raise the money, is no reason for refusal of a court to execute it ; that it was given when the parties had been drinking together, and their feelings of mutual kindness, as Irishmen, had been excited, is no ground for refusing to comply with it.

Upon the whole case, it is the opinion of the court, that the complainant is entitled to have the title to the lot vested in him, upon his paying the amount of the purchase money mentioned in the title bond, with interest thereon, deducting therefrom the clear net income received by defendants from the property since they came into the possession of it. The defendants to be entitled to the cost of any permanent improvement they may have erected upon the lot. The net income received by defendants to be ascertained by deducting from the gross receipts all expenses in repairs and in taxes, &c.

The decree of the Circuit Court is reversed and the cause is remanded, with directions to that court to cause an account to be taken of the rents and profits, and of the expenses which are to be deducted therefrom ; and also of the value of the permanent lasting improvements upon the property, which is to be deducted from the amount of rents and profits. The sum thus ascertained to be the balance in the hands of the defendants, arising from the possession of the property, is to be taken from the amount of principal and interest of the purchase money mentioned in the title bond ; and upon the payment of the balance of such purchase money and interest, the title to the property shall be passed by the decree of the court and vested in the complainant.