ANTHONY, Defendant in Error *vs.* ROGERS, Plaintiff in Error.

1. A mortgagee in possession is liable to account for all rents and profits received by him from the premises.

### *Error to Buchanan Circuit Court.*

This was a bill in chancery filed by Anthony to obtain the title to a lot in St. Joseph. The facts appear in the opinion of Judge Gamble when the cause was formerly in this court. (17 Mo. Rep. 394.) After the cause was remanded, it was referred to a commissioner to take an account. It appeared in evidence before the commissioner that Rogers and McCauly, in an ejectment suit against Hill and Welding, tenants of the lot, had recovered sixty-six dollars for the rents; also that after they recovered possession, they caused a frame tenement to be erected on the lot, from which they received rents. Witness testified that this tenement was built in a cheap manner, and they did not regard it as a permanent improvement, but only intended to answer a temporary purpose. The commissioner charged the plaintiff with the cost of the tenement, and charged the defendants with the rents received from it, and also with the sixty-six dollars recovered in the ejectment suit. The defendants excepted to the report, but it was confirmed.

*Loan*, for plaintiff in error. 1. The plaintiff was not entitled to the benefit of the sixty-six dollars recovered by the defendants in an ejectment suit to which both he and Kennedy, his vendor, were strangers—recovered too, before plaintiff acquired any title. 2. The rule laid down by this court when the case was formerly here, does not require defendants to account for rents accruing from *temporary* improvements erected on the premises by themselves. (17 Mo. Rep. 394. 3 Littell's Rep. 414.)

*Gardenhire*, for defendant in error. 1. The amount recovered by defendants in the ejectment suit against Hill & Welding was "income received by defendants from the property since they came into possession of it." (17 Mo. Rep.

398.) 2. As the plaintiff was charged with the whole cost of the improvements, the defendants could not object that they were charged with the rents.

RYLAND, Judge, delivered the opinion of the court.

We consider the item of sixty-six dollars, which the commissioner reported as a charge against Rogers and others, fully within the principles declared by this court in its opinion heretofore given. (See 17 Mo. Rep. 398.) The judgment of the court must, therefore, be affirmed, as this item of sixty-six dollars is the only one about which any question arises ; Judge Scott concurring.