HERMAN NEEF, Defendant in Error, *v.* JOHN S. SEELY *et al.,* Plaintiffs in Error.

1. *Vendor and vendee — Part performance — Attachment.*—Where the vendee of land has paid the purchase-money, taken possession and made improvements, the vendor is seized to his use, and the title in the vendee is subject to attachment and sale under execution.

*Error to Moniteau Circuit Court.*

*Draffin & Muir,* for plaintiffs in error.

I. Anderson, at the time of the attachment and sheriff's sale, had no interest in the land in controversy which could be sold under execution. He had no seizin in law or equity; nor did Seely, at the time of the attachment, hold the title for Anderson's

use. There was nothing to sell, so far as the land was concerned, and nothing could pass by the sale. (1 Wagn. Stat. 605, § 16; 18 Johns. 94; 1 Johns. Ch. 52; Walter v. Stewart, 1 Caines, 47, 72; 10 Mo. 399; 16 Mo. 130; 17 Mo. 394; 42 Mo. 54.)

II. The first contract between Seely and Anderson had been rescinded long before the attachment and sale, and Anderson had abandoned the possession of the land to Seely, and Seely had promised to hold the land for other parties. The original being a verbal contract, the parties had the unquestionable right to rescind it by a like verbal agreement; and after the same had been rescinded, and Anderson had abandoned the possession, he could not have enforced the original agreement. And no other person can do so who only claims to have purchased his interest. At most, Seely could not be held liable to pay anything more than the money he had received after the contract had been rescinded. (10 Mo. 136; 15 Mo. 315; Broom's Leg. Max. 647.)

*Burke & Howard*, for defendant in error.

At the time of Hazell's attachment and the sale thereunder, Anderson had such an interest in the lot in controversy as might be sold under execution. (Gen. Stat. 1865, p. 636, § 2; *id.* 639, § 39; *id.* 642, § 16; Brant v. Robertson, 16 Mo. 147, 149; Benton v. Mullanphy's Ex'r, 8 Mo. 650; McNair v. O'Fallon *et al.*, 8 Mo. 188.)

ADAMS, Judge, delivered the opinion of the court.

This was a suit to coerce the legal title to a lot in Tipton, in Moniteau county, from the defendants as heirs of William T. Seely, deceased. The petition alleges, in substance, that William T. Seely, in his lifetime, by verbal contract sold the lot to one Andrew Anderson; that Anderson took possession under the contract, paid the purchase-money, and made valuable improvements. Afterward one Hazell by attachment sued Anderson, levied on this lot, and finally obtained judgment in the attachment; and the lot was sold on execution issued on this judgment, the plaintiff became the purchaser, and the sheriff made him a deed in due form for the same. Seely, the ancestor of defendants, died with-

out making a deed, leaving the defendants as his heirs at law; and the petition prays that the title be divested out of the said heirs and vested in the plaintiff.

The defendants set up as a defense that after the sale by their ancestor to Anderson, and before the attachment and execution sale, Anderson abandoned his purchase and delivered the lot back to Seely, and thereby intended to rescind and did rescind the contract with Seely.

There was replication denying the answer. The case was submitted to the court, which found the issues for the plaintiff, and by its judgment vested the legal title in him.

The evidence establishes the facts very much as they are stated in the petition. The evidence on the part of the defense showed that Anderson, prior to the attachment, left the county and never returned. But it was in evidence that before he left he put the property in Seely's possession by a verbal arrangement, to be held by Seely, not as Seely's property, but as Anderson's, to secure some parties who had become his sureties on a note.

We cannot see that there was any such abandonment of the property as to rescind the contract with Seely. Whilst a contract for the purchase of land is in *fieri*, and before the payment of the purchase-money, if the purchaser evinces an intention to abandon the purchase and leaves the property, he would come into a court of equity with a bad grace to enforce a specific performance of such contract. The court would leave him to his remedy at law if he had any; or where he had made valuable and lasting improvements, it might entertain a bill to remunerate him for such improvements, so as to place the parties *in statu quo*.

That is not this case. Seely had received the purchase-money, and the purchaser took possession and made improvements. That being the case, there can be no doubt, under our laws, that Seely was seized to the use of Anderson, and such title in Anderson was subject to attachment and sale under execution. (Anthony v. Rogers, 17 Mo. 394.)

We see no reason for disturbing the judgment of the Circuit Court. Let it be affirmed. Judge Bliss concurs. Judge Wagner absent.