FROTHINGHAM, ET AL. vs. STACKER.

1. The lien of a judgment will hold against a prior unrecorded deed.

2. Possession is only constructive notice.

APPEAL from St. Louis Circuit Court.

GOODE, *for Appellants.*

SPALDING, *for Appellee.*

SCOTT, J., *delivered the opinion of the Court.*

This was a bill in chancery for an injunction and relief. The material facts of the case are as follows : In June, 1835, Charles Collins, by deed for a full and valuable consideration, conveyed to W. Warrance three lots in St. Louis. Warrance entered and continued in possession until 1836, when he conveyed to J. Stacker, the complainant in the bill, for a full and valuable consideration. This deed was duly acknowledged and recorded. Stacker entered on the lots, which were situated on Broadway—made valuable improvements thereon, and continued in possession until the first of June, 1845, when the deed from C. Collins to W. Warrance was recorded. In December, 1836, S. Griswold made his promissory note to Charles Collins for $1250, payable two year after date, which was endorsed by Collins, and afterwards passed into 1 hands of G. Frothingham, a defendant in the bill. In July, 1839, suit wt brought

on the note, in the name of Ellis against Collins, and in December, 1842, judgment was rendered against him.   Execution was issued on this judgment on the 9th July, 1845.   Frothingham, Ellis, and Collins, at the time the above mentioned debt was contracted, were, and continued residents of St. Louis, up to the time of filing the bill.   The bill prayed for an injunction to restrain the sheriff from proceeding under the execution; an injunction was granted, and on the hearing, it was perpetuated, from which decree an appeal was taken to this Court.

This case does not differ in principle from those of Hill vs. Paul, 8 Mo. R., and Reed vs. Austin's heirs, 9 Mo. R., 722.   The principle of those cases is, that the lien of a judgment will prevail over a prior unrecorded deed, and that may be regarded as the settled law of this Court. When, and under what circumstances, a creditor may be affected with notice, so as to defeat his priority, it is not necessary now to determine, as there is no evidence in this case of any actual notice to the creditor of the prior right of the complainant.   It is strange, that in the argument of questions arising under our law for the recording of deeds, that constant reference should be made to the English statute, and to the decisions that have been made thereon, and to the decisions of courts swayed by a similar statute, not for illustration, but as being in point.   Ours is very different in its language from the English statute.   It once conformed to it, but, many years since, it was purposely changed.   The whole scope of the English statute is to prevent subsequent purchasers and mortgagees from being injured or defrauded by prior unregistered deeds. Our statute goes farther, and its policy is to make every incumbrance on real estate, whether it be a deed or judgment, in cases free from fraud, depend for satisfaction according to the priority of the lien upon the record, which is open for public inspection.   Its design is to make an unrecorded deed void not only against subsequent purchasers and mortgagees without actual notice, but as to all persons whatever, who, subsequently acquiring a right to, or an interest in, the estate conveyed by the unrecorded deed, may be injured by reason of its not having been recorded.   Cannot our Legislature vary its laws from those of England, and when it does so, must our courts still adhere to the English, rather than to our own statutes ?   That the deed was executed before the debt was contracted, cannot alter the case.   The credit may have been given upon the faith of the very lots conveyed by the unrecorded deed.   Collins was once their owner, and there was nothing upon the record that showed he had ever parted with his interest in them, and there is no ev-

idence that there was any actual notice of the fact. Possession has always been held to be only constructive notice.

Decree reversed, Judge NAPTON concurring.