## DAVIS vs. OWNSBY.

A bona fide purchaser of property, who has failed to record his deed until after a judgment has been recovered against his vendor, but who records it prior to any sale under the judgment, can hold it against the person purchasing under the judgment.

## APPEAL from Monroe Circuit Court.

### STATEMENT OF THE CASE.

At the September term of Monroe circuit court, 1847, the appellant sued the appellee in ejectment for the w ½ of the n. w. ¼ of sec. 17, town. 53, range 12 w, containing 80 acres of land. Plea, not guilty, and issue. At the September term, '48, a trial was had, a non suit was taken, a motion to set it aside was made and overruled; a bill of exceptions allowed and signed by the court, and an appeal taken by appellant to the supreme court.

The appellant proved a suit instituted by one Daniel G. Davis against James M. Yager in Monroe circuit court, and a prosecution thereof to judgment, at the December term, 1843, on the 6th of the month, for the sum of three hundred and fifty dollars debt and sixty-four dollars and seventeen cents damages, and five dollars and eighteen cents costs. That execution issued on said judgment to Monroe county as follows : 1st. On the 22d December, '43, re-

Davis vs. Ownsby.

turnable to May term, '44, without any part satisfaction. 2. On the 27th August, '42, return-able to September term, '45, without any part satisfaction. 3rd. On the 7th of March, '46, returnable to April term, '46, satisfied to the amount of one hundred and seven dollars, by the sale of town lots in Middlegrove. 4. On the 24th August, '46, returnable to the September term, '46. In this writ, the judgment was stated of the Monroe circuit court of 6th September, 1844, and the recovery against James S. Yager, the name of Daniel G. Davis, the plaintiff, with the sums more correctly stated, and the mandatory part of the writ described the levy of the estate of the said James M. Yager, as compared with the judgment. This execution was levied amongst other tracts of land upon the land in controversy, and this tract with others sold on the 25th day of September, '46, by the sheriff and was purchased by Jno. Davis, (the appellant) at $20, for which the execution was credited.

The sheriff of said county executed a deed to the appellant on the same day for the tract of land sued for, which was duly acknowledged and recorded. Upon the appellants offering this execution, levy, sale and the deed in evidence, the appellee objected to its introduction, because there was no such judgment as was recited in said deed, and the court rejected all the evidence, the appellant excepting to the opinion. The appellant read a 5th execution, issued 3rd November, '46, returnable to the April term, 47, which was levied on the 4th November, '46, upon the same land in suit, and which was sold for $25 00, which was credited on the execution, and John Davis (appellant) was the purchaser, and on the 10th June, '47, received a conveyance by deed from the sheriff for the land which was duly acknowledged and recorded

The appellant proved that the appellee, Ownsby, was in possession of the tract of land sued for, at and before the commencement of this suit; that the defendant claimed possession of it under one Wm. Dulaney, from whom he stated he had gotten possession, and that Dulaney, at the date of the judgment of Daniel G. Davis against Yager, was in possession of the tract, and proved that the annual value of the rents and improvements of the land were $25 00.

The appellant also proved the execution of a deed from Yager and wife to Dulaney, of the 7th June, '44, and filed for record on the 7th April, '46, and recorded for the same tract of land in controversy in this suit, and here closed.

The appellee then proved that James M. M. Yager on the 23d July, '42, executed his title bond to Wm. G. Dulaney, in consideration of four hundred dollars to be paid in instalments, the last of $200 on the 25th December, '43; that he would convey to Dulaney the same tract of land now sued for, and proved that Dulaney, at the date of the bond, took and held possession of the land until his death in the year, '46.

He further proved that Daniel G. Davis, on the 20th April, '46, for valuable consideration, assigned by deed in writing to one Joseph Hearseman, the full amount of the judgment of 6th December, '43, against said James M. Yager. He further proved that the said Hearseman, by writing, of the 23d September, '46, assigned to John Davis, (appellant) the full amount due on the same judgment for valuable consideration.

The appellee proved notice of Yager's sale to Dulaney, to Wm. G. Hewell, attorney at law, for Daniel G. Davis and Joseph Hearseman, and John Davis, after Hearseman had obtained the assignment of the judgment from Daniel G. Davis, and before John Davis purchased his assignment. That Hearseman obtained control of the judgment, not by witnesses' advice, but as he said to protect some lots and land subject to its lien, which he claimed as purchased from Yager, or by sale of Yager's land at previous execution sale, and upon which Davis' execution was then levied, and the purchase by John Davis was for the same object, as stated by Davis, to protect lands he had previously obtained of Yager, which were subject to levy, and to avoid such levy and resale of them. He also proved that Jas. G. Davis and Jno. Davis paid said Hearseman one hundred dollars, whilst he had title to the judgment, to release lands they claimed to have purchased of Yager, and which were under levy by the execution whilst owned by Hearseman. This testimony of notice of title from Yager to Dulaney, offered through the attorney of Davis, Hearseman and the appellant respectively, and the disclosures of their purposes in levying the judgment was objected to by appellant,

Davis vs. Ownsby.

as professional confidence in Wm. Howell, the witness, but the objection was overruled and the testimony allowed, the appellant excepting.

The appellee proved by Joel Maupin, the sheriff, who made the sale of the land in dispute, on the 10th June, '47, that before the sale was made to Davis, the appellant, Samuel Ownsby, as administrator of Wm. Dulaney, gave public notice to the bidders of the title bond and deed held by him, given by Yager to Dulane y in his lifetime. The appellee proved by Joseph Hearseman, that he had notice of Yager's sale to Dulaney before he obtained his assignment of Daniel G. Davis' judgment. He had bought of Yager some lots and land, and had obtained a deed for them before Davis' judgment; that the deed was taken out of his desk without his knowledge, and it was unrecorded. He had purchased other lands of Yager's sold under execution of Chas. Allen, older than Daniel G. Davis', but he apprehended there was some irregularities ; all their lands were levied upon by Davis' execution, and he was induced to purchase the judgment and execution to get it off the lands he had bought, and perfect his title to them, that the execution involved lands of his, obtained under Yager, to the amount of some $1500, and that the lands levied on execution which he wished to secure were to the value of the execution ; and it was the agreement with Davis (appellant) when he sold the judgment to him, that the execution was not to be used by him to effect any of his lands he claimed; but at this time said Davis has it now levied on them.

This was all the evidence in the cause. The trial was had, by consent, before the court, without the instruction of the jury.

The appellant asked the instructions as to the law.

1. That in law the eldest legal title shall prevail.

2. That the judgment, execution, levy and deed of the sheriff of the 25th September, '46, is a good legal title, and conveys the debtors title to the land had on the 6th December, 1843.

3. That the judgment, execution, levy and sheriff's deed of the 10th June, '47, is a good legal title, and conveys the debtor's title in the land therein, owned on the 6th November, '46, and the sale and conveyance in evidence, is a lien upon the land, and which continued up to the sale.

5. That the sheriff's deeds to the plaintiffs of 25th September, '46, and 10th June, '47, have relation in title to the date of the judgment, and must prevail over the unrecorded deed of Yager to Dulaney offered by defendant.

6. That any title bond or equitable purchase of Dulaney from Yager, forms no ground of defence against the plaintiff's recovery.

7. That notice to the plaintiff, purchaser, at sheriffs sale, of the equitable purchase by Dulaney, or of his unrecorded deed, made after judgment and before sale, does not affect the relation of his (plaintiff's) deed to the date of judgment.

8. That both sheriffs deeds of plaintiff's are elder in law to the unrecorded deed of Yager to Dulaney

9. That if any sum was due on the execution of Daniel G. Davis against Yager, at the time of either sale under execution, the sale is not void.

10. That the execution was under direction of plaintiff, and any assignee under him, and at any time when respectively owned by either, could at the will of the owner be levied upon any land in the county held by the debtor.

11. That any agreement (of pretended owners of any land claimed as subject to levy) to pay any money, or any such payment by strangers to the execution, to its owner, to procure him not to levy on such land, is no payment in favor of the debtor in execution. Unless the execution was fully paid off for defendant's use to some of the owners of the execution, the same was operative in law in the officer's hands, to levy, sell, and convey debtors lands.

12. That if the origin of title in both plaintiff and defendant was in Yager, and by both deduced from him, the plaintiff need not show title from the government down to Yager.

13. That if Yager made a deed to Dulaney, and the defendant holds possession of the land, claiming it under Dulaney, and with his consent, it is evidence of the defendant's holding under a title from Yager, and the defendant cannot deny that Yager had title.

The court gave the 1, 6, 10, 11, 12, 13th, and refused to give the others, to which the appellant excepted.

The appellee then asked the court to give these instructions :

1. That if the evidence shows the fact to be that Daniel G. Davis, prior to procuring his judgment against James M. Yager of December 6, '43, had actual notice of the sale of land in dispute by said Yager to Wm. Dulaney, that said judgment was no lien on the lands in controversy, and the sheriff's sale thereof to John Davis passed no right as against Dulaney, or any one claiming under him; and that if Wm. Howell was attorney for D. G. Davis in the suit in which said judgment was obtained, and had actual notice of the contract of sale between said J. M. Yager and Dulaney of the land in dispute, whilst he (Howell) was prosecuting said suit of Davis, and in the matter of said suit, that such notice to H. is actual notice to Davis.

2. That if it appears from the evidence in the case that the judgment of Davis was a lien, binding on the lands of Joseph Hearseman, of the value of $1500, and while such lien was existing, said Hearseman took an assignment for valuable consideration of the same to himself for the purpose of protecting his lands against the said judgment lien, that such assignment by Davis to said Hearseman was extinguishment of said judgment.

3. That it appears from the evidence in this cause, that Jos. Hearseman assigned the judgment of D. G. Davis to John Davis for valuable consideration, and that at the time of said assignment it was agreed between the said J. Davis and Hearseman as part of the contract of assignment, that the lien of said judgment on the lands should be extinguished or that said judgment should never be put into execution against the land of Hearseman, that such agreement extinguished said judgment, if said lands were equal in value to the amount of said judgment.

4. That if three years from the date of said judgment had elapsed at the date of the sheriff's sale to plaintiff, and no scire facias had been sued out to revive the said judgment, that in such case the title of plaintiff, if any, was acquired thereby, would begin or relate back only to the day of the delivery of the execution to the sheriff; and, if prior to that time Howell, as attorney for plaintiff, or plaintiff, had actual notice of the sale by Yager to Dulaney, the land in dispute was not affected by said execution.

5. That the lien of judgment could not be executed longer than three years from date, by taking out execution upon it upon the expiration of three years ; nor could the said lien of judgment be so extended by suing out a scire facias upon the expiration of three years from date of said judgment.

6. That there is no evidence in this cause tending to show title in J. M. Yager at any time.

7. That the defendant Owenby is not estopped to deny or to require proof of title in J. M. Yager in this cause, unless the said Yager was in possession of the land in dispute at the inception of the plaintiff's title, and the said defendant procured such possession afterwards from said Yager, or some one so coming into possession under him, and after the inception of plaintiff's title.

8. That if the said Yager was not in possession of the land in dispute at the rendition of said judgment, or at the suing out of the execution on which plaintiff purchased the same, and that said Yager at neither of these periods had any tenant in possession, the plaintiff cannot recover without showing title in Yager.

9. That if the judgment of D. G. Davis was a lien in the hands of Hearseman, John Davis, Dulaney, J. G. Davis and Evan Davis, each owning separate interests in the lands bound by the judgment, and while said liens were in force, the judgment was assigned to any one of them.

The court gave the 1st, 4th and 5th of these instructions, to the giving of which the appellant excepted, and refused to give the residue.

The appellant then took a non-suit, with leave to move to set the same aside, which motion was filed and assigned for reasons.

1. For refusing to give plaintiff's instructions.

---

Davis vs. Ownsby.

---

2. For giving those asked for by defendant.

The motion on argument was overruled and plaintiff excepted, and brings the case here by appeal.

### TODD, for appellant.

1. That the deed of Sept. 25, 1846, is valid; that the mistake in the date of the judgment in the recital of execution is clerical and amendable, it does not make void the execution and subsequent proceeding; it is given as evidence of a fact; it is the foundation of no suit, where a record is overreached; the court had personal jurisdiction as well as of the subject matter—the mistake not being avoided by the parties to that record—cannot be so avoided, indirectly in this suit. See 8 Mo. R. 102, 264, authorities cited; 10 Pet. 449; 1 Mo. R. 469; 5 Mo. R. 234; 2 Mo. R. 48; 3 Mo. R. 99, 152; 7 Mo. R. 606.

2. The affirmation of the above proposition decides the title complete to sustain the case. But if not sustained, the appellent insists that an execution issuing before the time of judgment expires is a continuation of the lien, and a sale under it relates to the time of judgment, securing all the creditor's rights. Rev. Code Mo. § —.

3. That a purchaser under execution of land acquires all the rights of creditors, and no deed unrecorded, made before purchase, or notice thereof at a sale under such judgment, can deprive the purchaser of a title so acquired. 8 Mo. R. —; 9 do. 722; 11 do, 77.

### GLOVER, CAMPBELL & WELLS for appelle.

1. The sheriff's deed, reciting a judgment of 1840, execution and sale thereon, vested no right in the grantor therein.

2. The sheriff's deed of June 10th, 1847, reciting a sale after the expiration of the three years for which the judgment lien ran, related only to the delivery to the officer of the writ of execution and could not overreach the deed of Yager to Dulaney, recorded in April preceding the issuing thereof.

3. The judgment under which the plaintiff derived title, being against Yager, who was not in possession at its date, neither Dulany, who was in possession, nor Owenby, who claimed under him was estopped to deny the right of Yager, and the plaintiffs should have shown title in Yager.

4. An assignment by Davis to Hearseman of the judgment, united the lien and the subject of the lien in the same person, and extinguished the lien, but as the lien is nothing more than the right of collecting the judgment, it also was not extinguished. 2 Coke Lit. p. 654, note H, and specially page 601.

The lien is a substantive part of the judgment; there is no such thing as satisfying the lien and leaving the judgment in force. The judgment bound the lands of Hearsemen like a mortgage, only with greater force than a mortgage; and as soon as the judgment passed into the hands of the owner of the land, like the meeting of the right of mortgage and mortgager they merged together.

The purposes of law requires it should be so. As the law never requires any man to obtain judgment against himself, to sue his own estate, it never keeps judgments alive for such purposes. The case is one of redress by operation of law. Actu and rem being lost in the union of plaintiff and defendant; there can be no further controversy; and the law has provided no remedy for such a dilemma.

If the practice of assigning judgments in this way is sanctioned by the laws, it is the most potent engine of fraud that can be devised.

One of the persons bound by the judgment lien buys the plaintiff's right to enforce it, not only upon himself, but all the rest. In a case where equity requires he should be put upon the footing of equality and proportional contribution, he is allowed to usurp all power and

coerce the whole debt out of the rest, to be eventually recovered in the equitable action. He is armed with a power to crush and destroy the estate of his neighbors in the control of an execution which he is as much bound to pay as they are.

He compels me to pay a debt for which I may sue him the moment I pay it. As to his own property, bound by the judgment lien, it seems that he holds a power of "protection."

He, it seems, is substituted to the plaintiff's rights; he can hold up execution against himself as long as he pleases; he can push it against the other parties with whatever vengeance he chooses; having received all those under like obligitions with himself, he may proceed at leisure to dispose of his own property bound by the lien, or not at all.

RYLAND, J., delivered the opinion of the court.

From the above statement, it will it once be seen that the questions arising on the record in this case are of grave and weighty import.

The registry laws of our State are brought before us for adjudication; and I will at once proceed to give my understanding and views of the same. I shall lay out of this case therefore all minor points, and come at once to the construction of these laws.

The act concerning conveyances, section 41, Rev. C. 1845, p. 119, directs the recording of all instruments affecting the estate in real property, and provides, that from the time of filing the same with the recorder, for record, they shall impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees shall be deemed in law and equity to purchase with notice."

The next section provides, "that no such instrument in writing shall be valid except between the parties thereto, and such as shall have actual notice thereof, until the same shall be deposited with the recorder for record."

The acts regulating judgments and decress provides in the second section, Rev. C., p. 323, "that judgments and decrees rendered in any court of record, shall be a lien on the real estate of the person against whom they are rendered, situate in the county for which the court is held." The execution law in designating what property is liable to be seized and sold under execution, in the 5th subdivision of the 14th section, page 253, includes "all real estate, whereof the defendant or any person for his use was seized in law or equity, on the day of the rendition of the judgment, order or decree, whereon execution issued, or at any time thereafter."

The question arises on these statutory provisions, whether a bona fide purchaser of property who has failed to record his deed, until after a judgment has been recovered against his vendor, but who records it prior to any sale under the judgment, can hold it against the person purchasing under the judgment.

I lay out of consideration all questions about fraud, as that would avoid the deed whether it was recorded or not, and confine myself mainly to the question, whether the failure to record the deed, prior to the rendition of the judgment, postpones the purchaser to the creditor.

It will be perceived, that the words of the acts under which the purchaser at sheriff's sale, would claim the land, confine the lien of the judgment to the real estate of the person against whom the judgment was rendered; and confine the operation of the execution to "real estate whereof the defendant or any person for his use, was seized in law or equity, on the day of the rendition of the judgment."

A purchaser who has paid his money for land and received his deed, is the owner of the land, and the property is no longer the property of the vendor, nor has he any seizin in it, either at law or in equity, whether the deed be recorded or not.

If the words of the acts regulating judgments and executions were all that affected the question, there would be no difficulty in maintaining that the purchaser, at sheriff's sale, would not hold against an unrecorded deed. But the question remains, whether the first purchaser, by failing to record, is postponed to a creditor, who obtains a judgment against the vendor. This question, for its solution, depends upon the clauses of the act concerning conveyances, which I have above quoted.

The words of the 41st section, in declaring that the deposit of the deed for record "shall impart notice to all persons of the contents thereof" are explained, in my opinion, by the subsequent words of the same section, which provide, that all subsequent purchasers and mortgagees shall be deemed in law and equity to purchase with notice.

The obvious meaning of the whole section is that filing a deed for record imparts notice to all persons who shall subsequently become interested in the title either as purchasers or mortgagees.

The 42nd section, in declaring that no such instrument in writing shall be valid except between the parties thereto and such as shall have actual notice thereof, until deposited for record, is not designed to allow any person to dispute the validity of an unrecorded deed, unless he is interested in the title under the same grantor—a mere trespasser cannot dispute it—there must be a title for value, under the grantor, to admit of the question being raised.

Now it will be seen, that a creditor, as such, is no where alluded to in the statute, as a person who is affected by notice, or to whom notice is to be given, and it would plainly be useless, to give actual notice of an unrecorded deed to a creditor with a view to affect the person who

might afterwards become a purchaser under the judgment of the creditors.

A creditor by obtaining a judgment acquires a lien that binds the estate of the defendant against any subsequent act of his, but he acquires no interest or estate in the property. A purchaser of the property under the judgment of the creditor, is the first person who acquires an interest in the property, and is the person who is to be affected by notice either actual or constructive.

If he has notice before he assumes the character of a purchaser, he vests his money in a speculation against the deed, and the judgment creditor takes the money upon his judgment.

The recording of the deed before the purchase is notice to him.

I exclude creditors altogether from the above statute, believing that they were never intended to be embraced within their provisions.

*Actual notice* is a fact, which may be proved like any other fact, either by positive and direct evidence, or by circumstantial and presumptive.

Applying therefore the principles here marked down, to the facts as they appear from the record in this case, I come to the conclusion that the court below committed no error.

Its judgment is accordingly affirmed.