Black v. Long.

JAMES W. BLACK and JOSEPH E. BLACK, Appellants, *vs.* WILLIAM LONG and LEONARD BALLOU, Respondents.

| 60 | 181 |
| 97 | 133 |
| 31a | 16 |
| 60 | 181 |
| 105 | 95 |
| 60 | 181 |
| 108 | 610 |
| 60 | 181 |
| 142 | 123 |

1. *Conveyance, recording of, after judgment, or filing of transcript from a justice, and before sale—Effect of as to purchaser at sheriff's sale—(Davis vs. Ownby, 14 Mo., 170).*—The purchaser at a sheriff's sale will not take the title as against a deed made prior to the judgment and recorded before the sale—or, where the suit is before a justice, after the filing of the transcript with the circuit clerk—and before sale—although the deed is recorded after the rendition of judgment or filing of transcript. The object of the record is to impart notice to subsequent incumbrancers and purchasers—*e. g.* vendees at sheriff's sale. (Davis vs. Ownby, 14 Mo., 170.) The plaintiff in the judgment acquires a lien which will bind the estate against any subsequent act of defendant. And the rule is not changed by reason of the fact that the deed is executed after the rendition of the judgment or the filing of the transcript, where the person to whom the conveyance is afterward made is at the time of the judgment or filing in possession of the property with a bond for title and has made lasting and valuable improvements, so that he would be entitled to a decree for specific performance as against his obligor.

## *Appeal from Ray Common Pleas.*

*William A. Donaldson, with J. W. and J. E. Black*, for Appellants.

I. Respondent purchased after and subject to the lien of the judgment against Shaw. (Paul vs. Fulton, 25 Mo., 156; Jones vs. Luck, 7 Mo.. 551.)

II. The cases of Reed vs. Ownby, etc., have no application because respondent purchased and paid the purchase money after the judgment lien had attached, and his deed shows this to be the fact. (Valentine v. Havener, 20 Mo., 133; Davis vs. Ownby, 14 Mo., 170.)

III. Respondent's possession was not under our registry law notice, either actual or constructive of his claim or title, and appellants were, in fact and law, innocent purchasers without notice.

*C. T. Garner*, for respondents.

The purchase by appellants at an execution sale cannot prevail over a recorded deed based upon a title bond and valid

purchase made long prior to the judgment before the justice, and the filing of the transcript, and followed by actual possession and valuable and lasting improvements. (Davis vs. Ownby, 14 Mo., 170; Valentine vs. Havener, 20 Mo., 133); and the possession itself was notice.

WAGNER, Judge, delivered the opinion of the court.

This was an appeal in an action of ejectment where the judgment was rendered for the defendant.

It appears from the record that in the Spring of 1869, one Shaw sold the lots in controversy to Dale and gave him a title bond for a deed. Dale took possession, paid the purchase money and made improvements on the property. He then sold the same to Ballou, the defendant, for a valuable consideration, who went into possession and also made improvements. Dale assigned his title bond to Ballou and by an arrangement between all the parties, Shaw, the vendor, made the deed directly to Ballou. The deed is dated the 3rd day of September, 1870, acknowledged on the same day and filed for record on the 4th day of October, 1870.

On the 6th day of August, 1870, one Martin recovered a judgment before a justice of the peace against Shaw, and on the 18th day of the same month he filed a transcript in the office of the clerk of the Circuit Court, from which an execution issued on the 25th of May, 1871; and on the 6th of September next, thereafter, the lots were sold as the property of Shaw and purchased by the plaintiffs.

The single question is, whether, under the facts as developed in this case, the purchaser at the sheriff's sale, under judgment and execution, will take the title against the prior deed executed, delivered and recorded before the day of the sale; although not acknowledged or of record when the judgment was rendered, or what, as in this case, is the same thing, the transcript was filed.

This question must be considered as conclusively decided and put at rest by repeated decisions in this court. (Davis vs. Ownby, 14 Mo., 170; Valentine vs. Havener, 20 Mo.,

Black v. Long.

133; Stilwell vs. McDonald, 39 Mo., 282; Reed vs. Ownby, 44 Mo., 204; Maupin vs. Emmons, 47 Mo., 306; Sappington vs. Oeschli, 49 Mo., 247.)

The reasoning upon which the cases proceed is that the object of recording was to impart notice to subsequent purchasers and mortgagees and not to creditors, merely, as such; that a creditor acquired a lien by his judgment which would bind the estate against any subsequent act of the defendant, but that the purchaser of the estate at the sale, under the judgment was the first person to be affected by the notice as a purchaser. If when he buys at the sale, there is a prior deed on record, the notice is as to him complete.

And it can make no difference in the present case that the deed itself *was not made when the transcript was filed.* The real title existed in the defendant. He was in possession with a bond for a title; the purchase money had all been paid; and both he and his assignor had made valuable and permanent improvements on the property. Under the facts he would have been entitled to specific performance. Shaw could not have dispossessed him in ejectment. His equities would have constituted a perfect defense, and would have effectually defeated an action. The plaintiffs can surely stand in no better attitude than Shaw, if no deed had been made and no transcript filed; and, if he would have been barred, so are they. They purchased with full notice and they were apprised that Shaw had no title to the property.

Judgment affirmed; all the judges concur..