JOSEPH CROW, Defendant in Error, *vs.* THOMAS DRACE, Plaintiff in Error.

61  225
108  610

1. *Vendors and purchasers—Purchase by judgment creditor at execution sale with notice of claims—Prior attachment levied by him—Effect of—Relation.*—The plaintiff in a judgment against one partner on an individual liability, who at an execution sale thereunder, purchases the interest of such partner in real estate which is partnership property, but held by him in his own name in trust for the firm, with notice of that fact, is not entitled to be regarded as a *bona fide* purchaser by reason of having obtained his judgment prior to receiving such notice. The purchaser in such case acquires the interest of the execution debtor, subject to the payment of the partnership debts. (Black vs. Long, 60 Mo., 181.)

### Error to Franklin County Circuit Court.

*J. C. Kiskaddon*, for Plaintiff in Error.

I. Defendant purchased at the sheriff's sale without notice either actual or constructive, of any claims of the partnership, and is an innocent purchaser, and will hold against the firm or its creditors. (Pars. Part., 377 ; Perry Trusts, § 218, and note ; Buchan vs. Sumner, 2 Barb. Chy., 198 ; Tillinghast vs. Champlin, 4. R. I., 209, and cases cited.)

II. The levy of a writ of attachment upon land creates a lien from the moment of the levy and a sale under execution issued upon the judgment relates back to the time of the levy, and passes the title to the purchaser unaffected by any incumbrances created or conveyances made subsequently to such levy. (Lackey vs. Seibert, 23 Mo., 85, and cases cited.)

*Henry Flanagan*, for Defendant in Error.

If Drace acquired any interest in the real estate by virtue of his attachment against McCallister, that interest was subject to the superior claim of the partnership creditors. (Davis vs. Ownsby, 14 Mo., 170.)

HOUGH, Judge, delivered the opinion of the court.

This is a bill in equity to cancel a deed made by the sheriff of Franklin county to the defendant (Drace) for a lot in the town of Sullivan, in said county, which deed the plaintiff alleges is a cloud upon his title; and also to enjoin the defend-

ant from prosecuting an action of ejectment against the plaintiff under said deed.

The petition alleges in substance, that on the 29th day of October, 1868, J. C. McCallister, James F. McKindrick and the plaintiff (Joseph Crow) were partners doing business as merchants in said town of Sullivan, under the name and style of McCallister & Co.; that on said day they purchased from one Solf with the money of the firm, and for the use of the firm, the property in controversy, but that the title thereto was taken by McCallister, who negotiated the purchase in his own name; that in the month of October, 1869, said McCallister absconded, taking with him a large portion of the firm assets, and leaving the firm greatly involved; that said firm was thereupon dissolved, and its business and affairs were duly settled in the Franklin circuit court, and that on the 13th of October, 1870, Allen P. Richardson, Esq., acting under the authority of said court as receiver in said proceedings, and with the approval of the court, sold and conveyed to the plaintiff the lot in controversy, of all which defendant (Drace) had notice; that soon after McCallister absconded, the defendant (Drace) instituted a suit against him by attachment based on an individual indebtedness of said McCallister to him, obtained judgment in said suit, and purchased at an execution sale thereunder, on the 13th of October, 1870, the said lot, received a deed for the same from the sheriff and instituted an action of ejectment against the plaintiff (Crow), based upon said sheriff's deed, to recover the possession of said lot, and prayed the relief heretofore stated.

The defendant in his answer, admitted the institution of the proceeding by attachment, his purchase at the execution sale. the institution of the action of ejectment, and that the title to the lot was in the name of McCallister, but denied all other allegations of the petition.

At the hearing a decree was entered for the plaintiff as prayed.

The grounds relied upon by the plaintiff in error to reverse this decree are —first, that it does not appear from the testi-

mony that the lot in controversy was partnership property; and, second, that even if it were partnership property, the defendant (Drace) was a *bona fide* purchaser, for a valuable consideration, of the record title to said lot, without notice of any of the alleged rights of the firm or of the plaintiff (Crow) thereto. That the property in question was held by McCallister in trust for the firm, there can be but little doubt. The testimony shows that immediately after the purchase of the lot the firm built upon it and used it for warehouse purposes until the dissolution. It further appears that all the members of the firm were consulted in regard to the propriety of making the purchase, and that McKindrick at first objected to making the purchase, because it would necessitate the withdrawal of capital from the active business of the firm, but subsequently acquiesced in the purchase; and he states that it was paid for with the money of the firm. Crow also testified that the lot was paid for with the money of the firm. The price of the lot was $225. As to the details of the payment, it appears that $80 were paid in cash out of the firm funds; that Solf's account with the firm, amounting to $15, was extinguished, and an account with the firm of one Elliott, to whom Solf was indebted, the amount of which was not given, was also included as part payment, and a note of one Martin to Crow for $80 was also transferred to Solf, for which sum it seems McCallister gave his note to Crow. Whether this sum was intended by McCallister to be an advancement to the firm does not appear, but other testimony in the cause shows that it was settled in the final adjustment of the partnership affairs in some manner not stated, and that McCallister was largely indebted to the firm. This part of the transaction is not as intelligible, perhaps, as it might have been made, but with these facts and the positive testimony of both McKindrick and Crow that the purchase money was paid out of the firm funds, we cannot do otherwise than hold, in the absence of any opposing testimony, that the lot in question was partnership property.

Nor has the plaintiff in error established his claim to a recognition as a *bona fide* purchaser for value. McKindrick testified that Richardson was present at the sheriff's sale and gave public notice of his sale as receiver to Crow. The defendant's testimony on this subject is unsatisfactory and evasive, and it is fairly inferable therefrom that at the time of his purchase he did have knowledge of the claims of the firm to this property, and of their having purchased and used it for partnership purposes. He admitted that Richardson made some announcement as to the title, and further testified that he had no knowledge that the lot was used or claimed by the firm as partnership property until long after he obtained judgment in his attachment suit.

But he could not acquire the right to be considered a *bona fide* purchaser by reason of being a judgment creditor without notice. (Hart vs. Mechanic's Bank, 33 Vt., 252 ; 2 Sto. Eq., § 1503 *b*.) If at the time of the sale under his judgment he had notice of the firm's rights or of the plaintiff's claim, he is not entitled to assume the character of an innocent purchaser through any fiction of relation, and we think the testimony is amply sufficient to charge him with notice. (Black vs. Long, 60 Mo., 181, and cases cited.)

Whatever interest McCallister had in the property at the time of the levy of the attachment passed to the defendant (Drace) by virtue of the execution sale, but McCallister's interest was of course subject to the payment of the partnership debts, and as appears from the record was, with all other assets of the firm, entirely consumed in discharging those debts.

We are of opinion, therefore, that the judgment of the circuit court should be affirmed, and judgment will be entered accordingly. The other judges concur.