PARKS *et al.* v. PEOPLE'S BANK *et al.*, *Appellants.*

1. **Equitable Title:** JUDGMENT: INJUNCTION. Injunction will lie to restrain the sale of land under an execution when the equitable title thereto has passed from the execution debtor, by payment of the purchase money to him under contract of sale before the rendition of judgment and an executed deed for the land has been made and recorded before the sale.

2. ————: ————: ————. In such case, the purchaser at the execution sale would acquire title to the debtor's land, unless notified of such equities.

3. ————: ————: ————. It is no defense in such case to the injunction proceeding that defendant was unaware of plaintiff's rights before rendition of the judgment, and that such judgment was upon a promissory note of the judgment debtor purchased by defendant before maturity, with the information and belief that the land belonged to such debtor and was unincumbered by any liens or claims.

*Transferred from St. Louis Court of Appeals.*

AFFIRMED.

*Jos. T. Tatum* and *Thomas & Horine* for appellants.

*J. J. Williams* for respondents.

BARCLAY, J.—This is a proceeding in equity for an injunction and general relief. The material facts in the petition are that the defendant bank recovered a judgment against one Wm. Parks; that plaintiffs, long before, had acquired from the latter the equitable title to certain lands by paying for them under a contract for their purchase and taking possession; that after the bank's judgment and levy on said lands under it, the execution debtor made deeds to plaintiffs in accordance with his prior contract; that the bank had caused the lands to be advertised by the sheriff for sale under its judgment and levy, and would have them sold and thus conveyed unless restrained, etc.

The answer is a general denial supplemented by further averments that "the lien of said judgment attached to said land prior to the acquirement by plaintffs of any legal interest or lien; that the bank is solvent; that before rendition of said judgment said William was the legal owner of said land, and any right or claim of plaintiffs thereto was entirely unknown to the bank; that said judgment was upon a promissory note, executed by said William and others, purchased by the bank before maturity, with the information and belief that said William Parks had fee-simple in said land, unincumbered by any liens or claims, with reliance upon said belief; that the neglect and laches of the plaintiffs lulled said bank into said belief that the land was good for said note and judgment." It charges fraud upon the part of plaintiffs and William.

The reply puts in issue the new matter in the answer.

On a hearing, the court perpetually enjoined the sale of the interest and estate acquired by plaintiffs in said lands from the judgment debtor as above indicated. Defendants appealed to the St. Louis court of appeals where the decree was affirmed, but the cause was certified here on a division of opinion.

I.   It will be observed that, when the judgment in favor of the bank was rendered, plaintiffs' title to the lands in question was equitable only.   It depended on the contract of sale, payment of the price and delivery of possession (as found by the circuit court) constituting a part performance that would justify a court of equity in perfecting the title in plaintiffs.   But at the time of said judgment the apparent legal estate was in William Parks.   So plaintiffs necessarily had to resort to equity for relief against the effect of the judgment lien which the bank was seeking to enforce by the execution sale in question.

Defendants' chief contention is that the remedy sought is not available, plaintiffs having an adequate remedy at law.   The "legal remedy" is said to consist in interposing an equitable defense to any action of ejectment that might be brought on the strength of the sheriff's deed under the judgment.   Such defense, no doubt, could be interposed, but suppose no such action of ejectment were promptly begun?   Plaintiff's equitable estate and ownership antedated the judgment, but that fact did not appear in the public record of titles.   The proof thereof rested on facts outside.   A sheriff's deed under the judgment would, therefore, apparently carry the title as against the judgment debtor's deed, recorded before the execution sale, but executed after the judgment.   That consequence of the sale justified the exercise of the preventive jurisdiction of equity to avoid the casting of a cloud on plaintiff's title.

There is some lack of harmony in the Missouri cases regarding the appropriate use of injunction to restrain execution sales.   The decision of this case does not require a general review of them.   We have no doubt that that remedy is applicable on the facts here disclosed.

II.   On the merits, the circuit court found the facts

Parks v. People's Bank.

as they have been stated above. The equitable title of plaintiffs being complete before the judgment and supplemented by a deed of the legal title before the execution sale, the case was brought precisely within the facts of *Black v. Long*, 60 Mo. 181, and within the rule of *Davis v. Ownsby*, 14 Mo. 170. The latter decision declared that a creditor, by obtaining judgment, acquired thereby no estate in the debtor's lands, and that a valid deed, made before such judgment and recorded before the execution sale thereunder, would be notice to a purchaser thereat and would defeat him. That construction of our laws regarding judgment liens and conveyances was made in 1851. It has been approved in many later cases. It has long since become a rule of property in Missouri. Hence we do not consider it necessary to reëxamine it. We adhere to it without further discussion, and in deference to our desire for certainty and stability in the interpretation of our laws.

III. The new matter in the answer constituted no defense to the cause of action. It appears to suggest an estoppel, but the facts recited do not create one. No act of plaintiffs is charged which misled the bank to its prejudice, and the laches alleged is not such as amounts to a defense. The injunction imposed by the trial court only prohibited the sale of the equitable estate of plaintiffs in the land to which the apparent legal title was then in the judgment debtor. Thus limited, it was properly decreed on the facts disclosed. The cause was fairly tried and no good reason for reversing the decree has been shown.

The judgment of the St. Louis court of appeals is affirmed. All the judges concur.