JONES, *Appellant*, v. HOWARD *et al.*

In Banc, December 14, 1897.*

1. **Title to Land**: JUDGMENT: SALE BEFORE EXECUTION SALE. In 1887 judgment was rendered in the circuit court against James Howard. In October, 1893, he inherited the land in controversy, and on October 25, 1893, sold it by written agreement to defendant for $500 and gave possession and $5 of the purchase money was paid. On November 2, 1893, execution was issued against him, and levied on the land, and notice thereof was filed in the recorder's office, and in March, 1894, the land

*NOTE.—Decided in Division One June 22, 1897; transferred to Court *in banc*, and again affirmed December 14, 1897.

was sold by the sheriff to plaintiff. On November 3, 1893, the balance of the purchase money, or $495, was paid to Howard, and defendant received his deed which was on that date recorded, of which fact plaintiff had notice. *Held,* that the sale by Howard to defendant took precedence over the judgment lien.

2. **Sale of Land:** POSSESSION IN VENDEE: VENDOR'S LIEN. When the vendor sells land by written contract and receives a part of the purchase money, and the vendee takes and holds exclusive possession, the vendor retains no beneficial interest in the land except the incidental right to a vendor's lien thereon for the balance of the purchase price; and a sheriff's sale under an execution against the vendor, issued and levied thereafter under a judgment more than three years old when the vendor acquired the property, carries no title, when the purchaser at the sheriff's sale has both actual and constructive notice of the vendee's deed.

*Appeal from Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Moore & Williams* for appellant.

(1)   Whatever the statutes of other States may be, section 4915, Revised Statutes 1889, fixes the *status* of real estate here.   (2)   In this case the lien of the judgment had expired, but the lien of the execution attached from the time of filing the notice of levy required by section 4922, Revised Statutes 1889, and the conveyance by the execution defendant on the following day could not defeat this lien.   No other notice of levy is required, and a person buying land so incumbered without investigation does so at his peril. (3)   The lien of the execution being fixed by the levy and notice on November 2, 1893, the conveyance made by the debtor on the following day would not defeat it.   (4)   The sale made by the sheriff at the next term of the court relates back to the date of the levy.   Freeman on Ex., sec. 333; *Emberg v. Carter,* 98 Mo. 647; *Lockey v. Seibert,* 23 Mo. 94; *Foulk v. Colburn,* 48 Mo.

229; *Young v. Schofield*, 132 Mo. 633. (5) An examination of the contract shows only an option to purchase on the part of Henry Howard and R. P. W. Howard, on payment of $500 to each of the three brothers. There is no recital of the payment of any part of the purchase money, nor is any date mentioned at which the contract is to be consummated. This contract was not recorded, and was notice to no one. The levy of the execution by the sheriff before the contract was consummated had the effect of subjecting the interest of the execution debtor to the payment of the debt. (6) Even if the court had found that the unrecorded agreement between J. A. J. Howard, the defendant, and others was valid and subsisting, still the levy of the execution prior to its consummation would have the effect of subjecting the interest of the debtor to the payment of the execution, at least to the extent of the debtor's interest therein. Freeman on Ex., 181; Herman on Ex., sec. 227; *Hardee v. McMichan*, 68 Ga. 678; *Bell v. McDuffie*, 71 Ga. 264; *In re Patterson's Estate*, 25 Pa. St. 71.

*James E. Hazell* for respondent.

The deeds relate back under the facts as proved in this case to the contract, and there was nothing to sell under the execution so levied. *Black v. Long*, 60 Mo. 181; *Parkes v. People's Bank*, 97 Mo. 130; *Davis v. Ownsby*, 14 Mo. 170; *Wilson v. Railroad*, 108 Mo. 588. (2) The answer alleged and the testimony certainly tended to show that the plaintiff in the execution had notice that the contract of sale of said land had been made October 25, 1893, and public notice was given by J. A. J. Howard on the day of and before the sale under said execution that his interest had been sold and conveyed to his brothers, and the deed had been

made and recorded on the third day of November, 1893, and the $500 had actually been paid on the last date, which was long prior to the sale at the March term, 1894. *Black v. Long*, 60 Mo. 181; *Fox v. Hall*, 74 Mo. 315. (3) The deed from the Howards to their brothers being on record, was notice to purchasers at sale in March, 1894. *LeMay et al. v. Poupenez*, 35 Mo. 71; *Maupin et al. v. Emmons et al.*, 47 Mo. 304. (4) A vendor's lien which exists against real estate does not pass by sale of the land under execution. *Davis v. Wheeler*, 23 S. W. Rep. 435; *Tenant v. Watson*, 24 S. W. Rep. 495.

IN DIVISION ONE.

MACFARLANE, J.—Thomas W. Howard died in October, 1893, intestate, seized of a tract of land in Moniteau county, which he occupied with his family as a homestead. He left surviving him a widow and five adult sons, named, respectively, James A. J. Howard, John D. H. Howard, Thomas H. F. Howard, Henry B. S. Howard, and Richard P. W. Howard. On October 25, 1893, the sons entered into an agreement among themselves for the settlement of their father's estate. The part of it relating to the land is as follows:

"The said J. A. J. Howard, J. D. Howard, and T. H. F. Howard agree to convey all their interest in the real estate of the said T. H. Howard, deceased, to the said H. B. S. Howard and R. P. W. Howard upon the said H. B. S. Howard and R. P. W. Howard paying each of them the sum of five hundred dollars."

On the day this agreement was made, defendant Henry B. S. Howard paid thereon to J. A. J. Howard the sum of $5. Previous to the sale the parties were in the joint possession of the land and afterward the

vendee continued in the sole possession. On the third day of November, the said defendant paid to J. A. J. Howard $495, the balance of the agreed sum, and the latter, together with the other heirs, executed and delivered to the former a deed conveying to him a portion of said land.

In March, 1887, one George F. Tower recovered a judgment in the circuit court of said county against the said J. A. J. Howard for $331.77 and on the second day of November, 1893, he sued out an execution thereon and had the same levied upon the interest of the said judgment debtor in the land of which his father died seized as aforesaid. On the same day he caused a notice of said levy to be filed in the office of the recorder of deeds of said county. The interest so levied upon was sold by the sheriff in March, 1894, and plaintiff became the purchaser, to whom a deed in due form was executed, acknowledged, delivered and recorded. Plaintiff had notice before he purchased of the sale and conveyance of the land by the judgment debtor to defendant.

This suit is brought and prosecuted by plaintiff against the said H. B. S. Howard, and Harriet Howard, the widow of said deceased, for the assignment of dower and homestead to the widow and for partition of the land between himself and the said H. B. S. Howard. Plaintiff claims under his sheriff's deed the one fifth interest which James A. J. Howard inherited from his father. Defendant claims the same interest by virtue of his purchase and deed from the said James A. J. Howard.

The questions may be made clear by a re-statement of the facts in chronological order. In March, 1887, judgment was rendered against James A. J. Howard in the circuit court of Moniteau county. In October, 1893, the said James inherited the land.

October 25, 1893, James sold the land to defendant by contract for $500, of which $5 was paid in cash. November 2, 1893, execution issued, levied upon the land and notice filed. November 3, 1893, defendant paid the balance of purchase price $495 and received a deed from the said James. March, 1894, sheriff's sale to plaintiff.

The circuit court held that plaintiff acquired no interest in the land by virtue of his sheriff's deed, rendered judgment for defendant, and plaintiff appealed.

The statutes of Missouri provide that "all real estate whereof the defendant, or any person for his use, was seized in law or equity, at the time of the . . . . . . rendition of the judgment, order or decree whereon execution was issued, or at any time thereafter," shall be liable to be "seized and sold upon . . . . . . execution issued from any court of record." R. S. 1889, sec. 4915. The lien of an execution dates from filing for record the notice of the levy. R. S. 1889, sec. 4922. It is further provided that the term "real estate," as used in said section, "shall be construed to include all estate and interest in lands, tenements and hereditaments." R. S. 1889, sec. 4917.

We do not find that the precise question here involved has ever been decided by this court. It has been held, however, that when parties have bound themselves by agreement to convey land and to pay for it, equity recognizes an interest in the land as already in the purchaser which is subject to sale under execution, " upon the principle that the vendor is to be regarded as seized in equity to the use of the purchaser." But it is said, "If no money has been paid, and if the person who may become the purchaser is not actually under any obligation to pay, then there is no seizin in the seller, even in equity, to the

purchaser's use, and there is no .interest in the land in him, which is liable to sale or execution. *Brant v. Robertson*, 16 Mo. 149; *Quell v. Hanlin*, 81 Mo. 441; *Block v. Morrison*, 112 Mo. 351. In the case last cited it is said: "That a title bond for the conveyance of land gives the vendee an interest which he may sell, can not be doubted. The principle of law is well settled that, where there has been a contract for the sale of land, the vendor becomes the trustee of the land for the vendee, and that the vendee has an interest in the land which may be sold under execution."

In *Black v. Long*, 60 Mo. 182, it was held that in case the vendee has paid the purchase money, is put in possession of the land and has made valuable improvements thereon, the vendor retains no interest in the land which is subject to sale under execution. "Under such facts," it is said, "he would have been entitled to specific performance." The vendor "could not have dispossessed him in ejectment. His equities would have constituted a perfect defense, and would have effectually defeated an action."

This decision was approved in *Parks v. People's Bank*, 97 Mo. 133. In that case the vendee had paid the purchase price, and was in possession under his contract when the judgment against the vendor was rendered. Before sale under execution the vendor, by deed, conveyed the property to the vendee and the deed was recorded. In this state of facts the court says: "The equitable title of plaintiffs being complete before the judgment, and supplemented by a deed of the legal title before the execution sale, the case was brought precisely within the facts of *Black v. Long*, 60 Mo. 181 , and within the rule of *Davis v. Ownsby*, 14 Mo. 170." In these cases the vendor held the legal title in trust for the vendee who had possession of the land accompanied with the entire equitable title. The vendor re-

tained no interest in the land that he could transfer to another, nor that could be transferred by sale on execution against him. He had parted with all real interest before the judgment was rendered, and held only a naked trust which was executed by deed duly recorded before the sale was made. *Davis v. Ownsby, supra.*

In *Anthony v. Rogers,* 17 Mo. 394, the vendee, under a title bond, tendered the amount due and demanded a deed which was refused. The court held that the vendee acquired an interest which was subject to sale under execution upon a judgment rendered against him, subsequent to the tender, and that the purchaser was entitled to a conveyance from the vendor upon payment of the purchase price. It has often been held by this court that a grantor in a deed, fraudulent as to creditors, retains an interest in the land which is subject to sale under execution. The deed in such case being fraudulent, the grantee is seized for the use of the grantor. *Rankin v. Harper,* 23 Mo. 584; *Dunnica v. Coy,* 24 Mo. 168.

None of these decisions precisely fit the case at bar, but we think they settle the principle that there must be a direct beneficial interest in the land in order that it may be subject to a lien of the judgment or execution. *Broadwell v. Yantis,* 10 Mo. 403.

After J. A. J. Howard had sold, by a written contract, his interest in the land to his brother, and received a part of the purchase money, and the vendee took and held the exclusive possession which he had previously held in common with his vendor, he retained no real interest therein. By his contract he parted with all beneficial interest in the land except the mere incidental right to a vendor's lien for the balance of the purchase price. He continued to hold the legal title but only in trust for his vendee who had the right to demand a conveyance thereof whenever the

purchase money was paid. The simply legal title as trustee without possession, did not constitute an interest in land which was subject to the lien of a judgment or execution. *Black v. Long, supra.* If the legal title had been put in a third party to hold in trust until payment of the purchase money, there would have been no interest left in the vendor which could have been sold under execution, yet his real beneficial interest would have been the same. If he had made a deed to the purchaser instead of a contract, his real interest in the land would not have been changed. He would still have his lien for the purchase price, and by the contract he has nothing more. The vendor occupies the situation of a mortgagor out of possession. The lien is a mere incident of the debt and passes by its assignment. It is not subject to sale, but must be reached by garnishment proceedings.

We are aware that the authorities are not harmonious on this question. Indeed, the apparent current of judicial decision seems to be that the interest of the vendor in such case is subject to sale under execution. Freeman on Ex., sec. 191; Freeman on Judg., sec. 363; Black on Judg., sec. 438, and cases cited. But we are of the opinion that the rule that a vendor who has received a part of the purchase money and has put the vendee in possession of the land under the contract of sale, retains no such direct beneficial interest in the land as is subject to sale under execution, is more in accord with our own decisions and with the spirit of our statute. The rule also has the approval of very respectable authority. *Chisholm v. Andrews*, 57 Miss. 637; *Tally v. Reed*, 72 N. C. 336; *Adickes v. Lowry*, 15 S. C. 132.

Some of the cases holding the contrary doctrine also hold that the vendee, "if in possession of the land sold, is not bound to ascertain, before making each

payment, that no judgment has been obtained against his vendor," and unless he have actual notice of the judgment, his payment will be good.   Freeman says that this principle is conceded everywhere, "and seems to have been dictated by a consideration of the hardship to be inflicted on the vendee in possession by establishing a different rule."   2 Freeman on Judg., sec. 364; *Moyer v. Hinman*, 13 N. Y. 180.

We think it best to adopt a rule just and reasonable in itself and which requires no exceptions in order to avoid hardships.

If the purchaser at the sheriff's sale had no notice of the contract or deed, either actual or constructive, he would of course have taken the title as against both the vendor and vendee.   In this case, however, defendant's deed was not only of record, but plaintiff had actual notice thereof before his purchase.   *Davis v. Ownsby, supra.*

The judgment is affirmed.   BARCLAY, P. J., ROBINSON and BRACE, JJ., concur.

## IN BANC.

PER CURIAM.—The foregoing opinion filed by Judge MACFARLANE in this cause while it was pending in Division One of the court, is approved and adopted as the opinion of the Court *in banc*, by the majority of our number.

The judgment of the circuit court is accordingly affirmed.   BARCLAY, C. J., and GANTT, MACFARLANE, BURGESS, and BRACE, JJ., concurring in said opinion and judgment, and Judges SHERWOOD and ROBINSON dissenting therefrom.