STATE of Missouri, acting By and Through the STATE HIGHWAY COMMISSION of Missouri et al., Respondents,

v.

COMPOSITION ROOFERS LOCAL NO. 2 et al., Appellants.

No. 42398.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied Dec. 15, 1980.

---

Burton Newman, Clayton, for appellants.

Donald Williams, Assoc. County Counselor, Clayton, Alvin L. Mayer, St. Louis, for respondents.

REINHARD, Judge.

Defendant, Composition Roofers Local No. 2, appeals from a judgment granting plaintiffs, the State of Missouri, acting by and through the State Highway Commission, and Land Title Insurance Company, injunctive relief. The injunction prohibited Composition Roofers Local No. 2 and the Sheriff of St. Louis County [1] from conducting an execution sale involving certain real property.

The request for injunctive relief arose out of the following stipulated facts. In early March, 1978, the State of Missouri, acting through the State Highway Commission, entered into negotiations with Mrs. Edith D. Bartch for the purchase of the real property which is the subject of this case. At that time, the land was encumbered by six open deeds of trust. The parties reached an agreement that the land would be sold for $52,850.00. On March 16, 1978, Mrs. Bartch executed a general warranty deed conveying the property to plaintiff, State of Missouri, and an Option Escrow Agreement designating plaintiff, Land Title Insurance Company of St. Louis, as escrow agent and empowering it to receive the proceeds of the sale and pay out the necessary funds to satisfy the deeds of trust.[2]

On or about July 11, 1978, Mrs. Bartch executed a promissory note to defendant, Composition Roofers Local No. 2, in the amount of $16,727.17 to cover fringe benefits and union dues owed. Under the note, the first payment was due on July 25, 1978. The note contained an acceleration clause which permitted the entire sum of the note to become due upon default of any payment. Mrs. Bartch failed to make the initial payment and thereafter on the 2nd of August, defendant, Composition Roofers Local No. 2, instituted a suit to recover the principal sum of the note plus interest, costs, and a reasonable attorney's fee. Defendant, Composition Roofers Local No. 2, obtained a judgment in the amount of $18,371.17 on September 29, 1978. The clerk of the circuit court of St. Louis County abstracted the judgment on October 2, 1978.

On October 12, 1978, plaintiff, Land Title Insurance Co., recorded the general warranty deed which Mrs. Bartch had executed back in March and issued an owner's policy of title insurance to the State covering the property purchased from Edith D. Bartch. Also filed on October 12, 1978, were Deeds of Release for four of the six Deeds of

---

1. The Sheriff of St. Louis County failed to file a notice of appeal.

2. None of the parties challenges when the transfer of deed occurred.

Trust mentioned earlier. Another Deed of Release was filed November 9, 1978.[3]

In March of 1979, defendant, Composition Roofers Local No. 2, published its intention to sell the real property in question at public auction on April 24, 1979 to satisfy the judgment it had obtained on September 29, 1978. On April 4, 1979, Land Title Insurance Company and the State, acting through the State Highway Commission, filed a petition for injunction. The circuit court of St. Louis County issued a temporary restraining order on April 4th prohibiting the sale of the property and ordering Composition Roofers Local No. 2 and the Sheriff of St. Louis County to show cause why on May 29, 1979 the order should not be made permanent.

Defendant, Composition Roofers Local No. 2, responded to the temporary restraining order by filing an answer and a motion to dissolve the order. On April 23, 1979, the circuit court heard and overruled the motion except for one paragraph.[4] On June 28, 1979, defendant, Composition Roofers Local No. 2, filed its return as well as a counterclaim in two counts. Also on the 28th of June, the parties filed the stipulated facts. On October 3, 1979, the parties agreed to waive the right to a trial of the order to show cause and submitted the case to the court for determination.

The trial court entered its judgment on November 29, 1979, wherein it enjoined Composition Roofers Local No. 2 and the Sheriff of St. Louis County from conducting the execution sale. The trial court found in favor of the plaintiffs and against the defendants on both counts of the counterclaim filed by defendant, Composition Roofers Local No. 2. In its order, the trial court stated that *Davis v. Owenby*, 14 Mo. 170 (1851) was controlling.

On appeal, defendant, Composition Roofers Local No. 2, claims the trial court erred in enjoining it from conducting the execution sale because it had a valid judgment lien against the property which was prior in time and superior in interest to the State's deed to the same property which was recorded *after* the judgment lien. Defendant claims that *Frothingham v. Stacker*, 11 Mo. 77 (1847) is controlling.

While the Supreme Court in *Frothingham* did find that a judgment lien would hold against a prior unrecorded deed which was subsequently recorded before execution, the law in Missouri changed in 1851. In *Davis v. Owenby*, 14 Mo. 170 (1851), the Supreme Court found that, absent fraud, a bona fide purchaser of property who failed to record his deed until after judgment had been recovered against his vendor, but who records prior to any execution sale, has priority over any person purchasing under the judgment lien.[5] The *Davis* court reasoned that a "purchaser who has paid his money for land and received his deed, is the owner of the land, and the property is no longer the property of the vendor, nor has he any seizen in it, either at law or in equity, whether the deed be recorded or not." *Id.* at 176. The court reached this conclusion after considering the applicability of the act concerning Conveyances, Chapter 32, §§ 40–42, Mo.Rev.Code 1845. Those sections are currently codified in §§ 442.380–.400, RSMo 1978 in almost[6] identical language. The

---

3. The stipulated facts were filed with the trial court on June 28, 1979, and in that document the parties stated that the remaining Deed of Trust had not been released.

4. The court reserved ruling on paragraph 8 of the Motion to Dissolve which reads as follows:

 The restraining order is unjust, unlawful and invalid because the judgment obtained by this defendant was abstracted on October 2, 1978, and thus became a valid and prior lien on the property in question, inasmuch as the deed in question was not recorded until October 12, 1978.

5. Since 1851, the holding in *Davis* has been approved by many later cases and has become a rule of property in Missouri. *E. g., Houston v. Sparks*, 230 S.W. 70, 74 (Mo.1921); *Hanna v. Davis*, 112 Mo. 599, 20 S.W. 686, 688 (1892); *Parks v. People's Bank*, 97 Mo. 130, 11 S.W. 41, 41 (1889). *See generally*, M. Gill, The Missouri Law of Title to Real Property § 1471 (1960).

6. The only differences between the 1845 and the 1978 versions are: (1) the use of "herein" in § 442.390, RSMo 1978 instead of "hereinbefore" as was used in § 41 of the 1845 code; and (2) placement of punctuation. Neither of these differences changes the content of the sections.

*Davis* court specifically stated that the above–mentioned sections were never intended to embrace judgment creditors.[7] The court in *Davis* never mentioned the *Frothingham* decision.

 Nevertheless, defendant, Composition Roofers Local No. 2, argues that under § 442.400, the conveyance to the State on March 16, 1978 was not valid until recorded. Section 442.400, RSMo 1978 provides: "No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." The *Davis* court squarely addressed this argument by stating that the section in question[8] "is not designed to allow *any person* to dispute the validity of an unrecorded deed unless he is *interested* in the title under the same grantor ... there must be a title for value, under the grantor, to admit of the question being raised." 14 Mo. at 176 [emphasis added]. Under *Davis*, a judgment creditor is not one who is "interested"; rather, "[a] creditor by obtaining a judgment acquires a lien that binds the estate of the defendant against any subsequent act of his, but he acquires *no interest* or estate in the property." *Id.* [emphasis added]. Therefore, a judgment creditor, being one who is not "interested," cannot dispute the validity of the unrecorded deed under § 442.400.

 Here, the judgment creditor, Composition Roofers Local No. 2, never acquired an interest in the property in question and therefore could never had been injured by the State's failure to record the deed. The first person to acquire an "interest" in the property would have been the purchaser of the property under the judgment of the creditor. *Black v. Long*, 60 Mo. 181, 183 (1875); *Davis v. Owenby*, 14 Mo. 170, 177

(1851). *See Leawood National Bank v. City National Bank & Trust Co.*, 474 S.W.2d 641, 645 (Mo.App.1971). However, because the State recorded its deed before the proposed date of the execution sale, such purchaser would have purchased with notice of the State's prior deed. Section 442.390, RSMo 1978; *Rehm v. Alber*, 272 Mo. 452, 199 S.W. 170, 173 (1917). In such a situation, to prevent the unnecessary casting of a cloud on the State's title, the trial court properly used an injunction to restrain the execution sale. *Parks v. People's Bank*, 97 Mo. 130, 11 S.W. 41, 41 (1889).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

7. The *Davis* court reached this conclusion by noting that "a creditor, as such, is no where alluded to in the statute as a person who is affected by notice, or to whom notice is o be given...." Specifically, the court in *Davis* considered the applicability of Chapter 32, § 41 of the Revised Code of 1845 (the equivalent of § 442.390 in RSMo 1978) to creditors and concluded that the section imported notice only "to all persons who shall subsequently become interested in the title either as *purchasers* or *mortgagees*." 14 Mo. at 176.

8. In *Davis*, the section was § 42 of Chapter 32 of the Mo.Rev.Code of 1845. The equivalent section in the 1978 Missouri Revised Statutes is § 442.400.