QUELL *et al.* v. HANLIN, *Appellant.*

**Land, when no Interest in, subject to Execution.** Where the equitable title to land with the right to its possession is acquired in the name of one person, but, in fact, belongs to and is held in trust for another, the former is not beneficially interested in the land, and has, therefore, no interest subject to levy and sale under execution against him.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*B. J. Casteel* and *Ramey & Brown* for appellant.

Seiler had an equitable interest in the land in controversy, to which the lien of the judgment against him attached, and which was subject to levy and sale under execution. R. S. 1879, §§ 2354, 2356, 2730, 2336; also *Ib.*, §

2767; *Levy v. Thompson,* 4 How. 17; *Anwerthe v. Mathiot,* 9 S. & R. 397; *Russell's Appeal,* 15 Pa. St. 319; *Cardiff v. Anderson,* 3 Binn. 4; *Brant v. Robertson,* 16 Mo. 130; *Lumley v. Robinson,* 26 Mo. 364; *Yeldell v. Barnes,* 15 Mo. 444; 1 Jones on Mort., § 740; *O'Neill v. Capelle,* 62 Mo. 202; *Johnson v. Huston,* 17 Mo. 58. The agreement between Livengood and Seiler makes the assignment simply a security for the money advanced. *Tibeau v. Tibeau,* 22 Mo. 77.

*Hiram Smith, Jr.,* and *Thos. E. Turney* for respondents.

(1) When one purchases land in his own name with the money of another, "the presumption at once arises that the benefits accruing from the purchase are to go to him who paid the consideration." *Kelly v. Johnson,* 28 Mo. 248; *Miller v. Davis,* 50 Mo. 572; *Darrier v. Darrier,* 58 Mo. 222, 226; "and parol evidence is admissible to show the intention of the parties," even when the taking of the title in the name of the nominal purchaser is authorized. *Darrier v. Darrier,* 58 Mo. 227, and cases cited. (2) Seiler had no interest in the land which was subject to levy and sale under execution. *Broadwell v. Yantis,* 10 Mo. 403; *Branch v. Robertson,* 16 Mo. 149; *McIlvaine v. Smith,* 42 Mo. 45; *Morgan v. Bouse,* 53 Mo. 219. (3) There is no misjoinder of parties plaintiff, but if there was the objection is waived. R. S., § 3519; *Kellogg v. Matin,* 62 Mo. 429.

MARTIN, C.—This was an action of ejectment in the usual form. The defendant in answer pleaded a general denial, along with a statement of facts constituting the title under which he claimed. It, also, included an offer or tender of $230, for the purpose of discharging a lien of that amount in favor of the plaintiff, Quell, in the event a lien should be adjudged in his favor.

It is unnecessary to consider the motion for a judgment on the pleadings, which concluded with a replication

of matters at length. The pleadings were sufficient to admit the evidence presented by the parties, and as the court rendered judgment for plaintiff upon the evidence and pleadings, it is only necessary for us to inquire whether the title of plaintiffs justified a recovery in an action of ejectment.

The Hannibal & St. Joseph Railroad Company is admitted by both sides as the common source of title. On the 12th of January, 1880, the company executed and de-livered to one Lucius L. Seiler two written contracts, wherein it is recited that said Seiler had made the first of four payments for the parcels of land in controversy amounting to $230, and that upon making the remaining three at specified times, the company would make convey-ance of land to him. He was to have the immediate right of possession and cultivation until default in the deferred payments. By virtue of a judgment against Seiler of April 9th, 1878, an execution issued on the 19th day of January, 1880, under which levy was made on this land on the same day. The sale under this levy was made on the 12th of April, 1880, at which the defendant, Robert Hanlin, became the purchaser. If Seiler was the beneficial owner of this land as disclosed by the written contracts, at any time during the lien of the judgment under which the defendant purchased, and before enforcement of the lien by execution and sale, then the equitable estate with the right of immediate possession passed to the defendant. It appeared in evidence that the money paid by Seiler for the land belonged to one Leonard C. Livengood, who held toward him the attitude of a helping friend.

The evidence tends to show that with this money of Livengood's the land in controversy was to be purchased by Seiler, and the contract taken either in the name of Livengood or in the name of Seiler, and then assigned to Livengood. The land was thus purchased by Livengood's money, and the contract of purchase was assigned to Livengood by Seiler, by assignment of the same date with the date of pur-

chase, but which was not acknowledged until the 17th of February, 1880. On the 20th of March, 1880, Livengood assigned the contract to Mr. Quell, the plaintiff, who, on the 23rd of March, 1880, instituted this action. This evience, which was clearly competent, tended to prove that Seiler never was beneficially seized of the land, but that the equitable title with right of possession, acquired in his name, belonged in truth to Livengood, who, before suit, assigned it to plaintiff, Quell. Under this state of facts the purchaser under execution against Seiler, would acquire nothing, for the reason that he was seized of nothing in his own right, and that the title appearing in his own name was held by him in trust for another.

The defendant insists that from sundry expressions of witnesses in their testimony, there was an understanding or arrangement between Livengood and Seiler by which Seiler was ultimately to have the land, upon repaying Livengood his advance of $230, and any other advances he might make upon it, and that under this arrangement the contract for title and possession, claimed by Livengood, was held only as security for his advances, and that Seiler, or his execution assignee, would be entitled to the contract and right of possession, subject only to a lien for said advances, which the answer offered to pay off and discharge.

This view of the evidence did not prevail with the court trying the case, and I perceive no good reason for disturbing its judgment upon it. I am inclined to believe from the evidence, that Livengood, as a friend deeply interested in the welfare of Seiler, entertained an intention of helping him at some future time to the ownership of the land. But at the time of the levy or lien, this intention remained entirely voluntary and executory in the mind of Livengood, and Seiler had nothing definite to show for it, and had done nothing to make it obligatory on Livengood to carry out his intention. Seiler had never paid anything on account of the land, neither had he ever been in possession of it, or made any improvements upon it, which would

render it inequitable in Livengood to change his intention and retain the title to himself, or convey it to another as he has done. Neither was Seiler under any obligations to pay anything to Livengood. He had never promised or made tender of anything for the land. "If no money has been paid, and if the person who may become the purchaser is not actually under any obligation to pay, then there is no seizin in the seller, even in equity, to the purchaser's use, and there is no interest in the land in him, which is liable on execution." *Brant v. Robertson*, 16 Mo. 149, Gamble, J.

I do not think Seiler was possessed of any estate in the land subject to execution. In accordance with these views the judgment should be affirmed. The Hannibal & St. Joseph Railroad Company may have been an unnecessary party to the suit when it was commenced, having parted with the right of possession until default under the contract of purchase. Since suit, the right of possession may possibly have passed from Quell to the company by reason of such default, and we will not undertake to say in which one it now resides. As the objection to the misjoinder was not taken or urged in the lower court at any stage of the proceedings, we do not think it necessary to order the name of the company stricken from the record. The company, in any view of the case, holds the legal title in trust for Quell, the co-plaintiff, in accordance with the terms of the contract held by him. Affirmance is ordered. All concur.