JACOB REHM v. EMIL G. ALBER et al.; HIRAM H. and PEARL E. SEVERANCE, Appellants.

**Division One, December 3, 1917.**

1. **MORTGAGE: To Defeat Execution: Fraud.** The facts in this case show that the deed of trust held by plaintiff and subsequently released by him, was executed by the mortgagor to defeat execution under a judgment obtained by defendants on a debt due from him to them.

2. ———: **To Secure Former Gift.** A deed of trust given to plaintiff by the husband of his only child, in an attempted payment for a lot, which had previously been given to the husband, with no intention of receiving any consideration therefor, and made and placed upon record with the intention of placing the lot beyond the reach of the mortgagor's existing creditors, is fraudulent.

3. ——: Release: Reinstatement After Sale Under Execution: Notice. A purchaser at execution sale, without actual notice of any outstanding title or claim, gets title through his sheriff's deed as against the mortgagee who, having received a warranty deed in consideration of a cancellation of the debt, by mistake previously released the deed of trust on the margin of its record, at a time when the judgment was a subsisting lien on the property.

4. ——: ——: ——: Notice at Date of Purchase. In August defendants brought suit against the mortgagor in a deed of trust, who was plaintiff's son-in-law, and who in September made a deed of trust to secure a note for $1,000 made payable to plaintiff. In April judgment was obtained, and in June the mortgagor conveyed the lot to plaintiff by warranty deed, reciting as its consideration the surrender of the note, and the next day the deed was recorded and plaintiff entered satisfaction of the deed of trust on the margin of the record, now claiming that he made the release in ignorance of the fact that said judgment was a lien on the property. Two years later execution was issued and levied and defendants became the purchasers and received a sheriff's deed. Plaintiff asks that the release and warranty deed be canceled, and the deed of trust be reinstated and declared a prior lien. He alleges that defendants knew of the existence of the deed of trust when they obtained their judgment, but does not charge them with notice of any equities when they purchased two years later. *Held*, that, admitting the deed of trust was bona-fide, it cannot be reinstated, but the defendants took the title by their sheriff's deed; but the facts show that the deed of trust was fraudulent, contrived for the purpose of enabling the maker to defraud defendants, and that plaintiff knew of the existence of the judgment when he released the deed of trust.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

REVERSED AND REMANDED (*with directions*).

*Wm. R. Thurmond* and *James M. Chaney* for appellants.

(1) Under the pleadings and the evidence the court erred in decreeing a cancellation of the release of the deed of trust and reinstating same as a lien superior to appellants' title under the sheriff's sale in execution.

Davis v. Owenly, 14 Mo. 170; Valentine v. Havener, 20 Mo. 133; Stillwell v. McDonald, 39 Mo. 282; Potter v. McDowell, 43 Mo. 93; Reed v. Owenby, 44 Mo. 204; Black v. Long, 60 Mo. 181; Vance v. Corrigan, 78 Mo. 94; Stafford v. Fizer, 82 Mo. 393; Land Co. v. Rhodes, 54 Mo. App. 132; Blevins v. Smith, 104 Mo. 601; Wilson v. Jackson, 167 Mo. 135; Machine Works v. Bowers, 200 Mo. 231; Land & Lbr. Co. v. Bippus, 200 Mo. 697; Tate v. Saunders, 245 Mo. 217; White v. Lbr. Co., 240 Mo. 20; Higbee v. Billick, 244 Mo. 427. (2) The court erred in admitting evidence by plaintiff as to his ignorance of the effect of his release of the deed of trust, so as to establish appellants' title under the sheriff's deed as superior to plaintiff's alleged lien. Kingman v. Shawley, 61 Mo. App. 54; McIntyre v. Casey, 182 S. W. 969; Garrett v. Wiltse, 252 Mo. 714. The court erred in admitting vague and uncertain testimony by plaintiff as to his expense in maintaining the property. 13 Cyc. 214; Barngrover v. Maack, 46 Mo. App. 407.

*Charles S. Owlsey* and *Roland Hughes* for respondent.

(1) A court of equity will set aside the satisfaction of a mortage or deed of trust where the entry of satisfaction is made by mistake, and where there are no intermediate rights acquired upon the faith of the satisfaction. Christy v. Scott, 31 Mo. App. 337; Bruce v. Nelson, 35 Iowa, 157; Young v. Morgan, 89 Ill. 199; Stinson v. Pease, 53 Iowa, 574; Morgan v. Hamit, 23 Wis. 30; Barnes v. Mott, 64 N. Y. 397; Seiberling v. Tipton, 113 Mo. 379. (2) The satisfaction of the deed of trust on the margin of the record possessed no more sanctity nor conclusive force than a receipt for the money. Christy v. Scott, 31 Mo. App. 337; Land Co. v. Rhodes, 54 Mo. App. 129; Chappel v. Allen, 38 Mo. 223; Valle v. Iron Mt. Co., 27 Mo. 455; Homer v. Grasholz, 33 Md. 525; Seiberling v. Tipton, 113 Mo. 373. (3) Mistake in such connection is nothing more than "that result of ig-

norance of law or of fact which has misled a person to commit that which if he had not been in error, he would not have done." Story, Equity, sec. 110, note 1; Christy v. Scott, 31 Mo. App. 337; Bruce v. Nelson, 35 Iowa, 157; Stinson v. Pease, 53 Iowa, 574; Hutchinson v. Schwartsweller, 31 N. J. Eq. 205; Young v. Morgan, 89 Ill. 205; Shaver v. Williams, 87 Ill. 472. (4) A purchaser at an execution sale is not an innocent purchaser without notice. He buys only such interest as the judgment debtor has; if that interest is subject to equities, even totally unknown to the buyer, the title is subject to the same equities. Martin v. Nixon, 92 Mo. 26; Mann v. Best, 62 Mo. 496; Davis v. Briscoe, 81 Mo. 27.

RAILEY, C.—On July 30, 1912, plaintiff filed in the circuit court at Kansas City, a bill in equity to set aside a release of a deed of trust entered by him upon the margin of record of said deed of trust, recorded in the Recorder's office of Jackson County, Missouri, covering lot 10 in block 11 of Howard and Scott's Addition to Kansas City, Missouri, and to have said deed of trust established as a lien superior to the title of appellants, Hiram H. and Pearl E. Severance, who acquired title to said lot at an execution sale.

The petition alleges that Emil G. Alber, on September 2, 1909, while the owner of above lot, executed, in conjunction with his wife, a deed of trust thereon, to secure a note of $1,000, in favor of plaintiff, due five years after date, and representing a former indebtedness; that on April 22, 1910, defendants, Hiram H. and Pearl E. Severance, obtained in the circuit court at Independence, Missouri, a judgment against said Emil G. Alber for $700, which became a lien upon said lot, subject to the lien of said deed of trust; that on June 6, 1910, Alber made default in the payment of the interest due on said note and failed to pay the taxes on said lot; that plaintiff thereupon exercised his right to declare the whole of the note aforesaid due and payable; that Alber informed plaintiff of his inability to pay said indebtedness, and in

order to save costs and expenses, offered to deed plaintiff his equity of redemption in said lot; that, pursuant to said offer, he and his wife, executed and delivered to plaintiff, on June 6, 1910, a warranty deed for said lot, which was recorded in said county on June 7, 1910, in Book "B"—1312, at page 376, of the records of the Recorder's office. The petition further alleges: "That the consideration for the said conveyance was the agreement of this plaintiff with the said Emil G. Alber to surrender his obligation upon the said note; and that this plaintiff, by mistake and inadvertence and in ignorance of his rights and the legal effect of so doing and in ignorance of the fact that a judgment had been rendered against the defendants Emil G. Alber and Lydia L. Alber, in favor of Hiram H. Severance and Pearl E. Severance, and in ignorance of the fact that said judgment was a lien upon the said property, entered satisfaction of the said deed of trust on the margin of the record where same was recorded in the office of the recorder of deeds of Jackson County, Missouri, aforesaid;" that the legal effect of above action was to leave the record showing said judgment to be a first lien on said lot, etc; that Hiram H. Severance and Pearl E. Severance, *at the time said judgment was rendered, knew of the existence of plaintiff's deed of trust as a first lien upon said property.* The petition then avers that appellants, after learning of the satisfaction of said deed of trust on April 30, 1912, had an execution issued upon said judgment, and caused said lot to be sold at sheriff's sale thereunder, on *June 3, 1912;* that they became the purchasers of said lot at the sheriff's sale, received a deed from the sheriff therefor, and recorded the same on June 18, 1912, in Book "B"—1426, at page 312, in the Recorder's office aforesaid. The petition prays the court to cancel and set aside the entry of satisfaction on the margin of said deed of trust, and to establish by its decree said deed of trust as a first lien on said lot, and to cancel said sheriff's deed, as a cloud on plaintiff's title, etc.

Defendants Alber and wife filed no pleadings in the cause. The appellants demurred to the petition, but their

demurrer was overruled, and they filed a joint answer and cross-bill. They admit that on September 2, 1909, Emil G. Alber was the owner of said lot, but deny that he was indebted to plaintiff. They allege that on August 20, 1909, and for a long time prior thereto, said Emil G. Alber and Walter Kennedy were indebted to the above defendants in the sum of $700; that on August 20, 1909, these defendants filed suit in the circuit court aforesaid at Independence, Missouri, for the recovery of said sum, and on September 2, 1909, said Alber executed to plaintiff—his father-in-law—the note and deed of trust described in the petition. They allege that said note was executed without consideration and for the purpose of fraudulently covering up said real estate, to prevent them from subjecting the same to the payment of their indebtedness; that on April 22, 1910, they obtained a judgment in the circuit court aforesaid, against said Alber and Kennedy for $700; that in continuation of the scheme of said Alber to defraud them, he and his wife executed and delivered to plaintiff, but without consideration, the warranty deed described in the petition. They admit that they bought the lot in controversy at the execution sale on June 3, 1912, received a sheriff's deed therefor, and that the same was duly recorded as heretofore stated on June 3, 1912; that they paid to said sheriff the amount of their bid, etc. *They deny that they had any knowledge of the fact that said deed of trust was a first lien on said lot,* but aver that it was given without consideration, etc. They deny that plaintiff was ignorant of the rendition of their judgment, and allege that the warranty deed was given to him by Alber and wife to defraud these defendants. The answer then prays for judgment; that the title to said lot be declared to be in them, and that the interest of said plaintiff and the other defendants be cancelled and terminated, etc.

The reply is a general denial of the new matter pleaded in the answer.

In order to avoid repetition, we will consider the evidence, as far as necessary, in the opinion.

The decree below was in favor of plaintiff. The defendants, Hiram H. Severance and Pearl E. Severance,

filed their joint motions for a new trial and in arrest of judgment, both of which were overruled, and the cause duly appealed to this court.

I. It becomes necessary, at the outset, to determine from the record, whether the deed of trust given by Alber and wife to Leander W. Byrum, as trustee, on the real estate in controversy, to secure a note of $1,000, given by them of even date therewith to plaintiff, rep-

Mortgage to Defeat Execution.

resented a bona-fide indebtedness of said amount from Alber to plaintiff, or whether it was executed to enable Alber to encumber said property for its value and thereby place it beyond the reach of the demand of appellants, as evidenced by their suit against Alber, brought in the circuit court at Independence, Missouri, on August 20, 1909, for $700.

It appears from the evidence that defendant, Lydia L. Alber, was the only child of plaintiff and that she married Emil G. Alber about 1895. Plaintiff's wife died about 1904. Since 1909, and before that time, plaintiff says he commenced boarding with Mrs. Alber and paid his board regularly every week. He claims to have bought the lot in suit in 1884. He testified that he deeded said lot to Alber about fourteen or fifteen years after his daughter married. He fixed the date as 1887, but it must have been about 1897 or 1907. He says Alber built a house on the lot before he received a deed for same. Plaintiff testified that the $1,000 note, secured by said deed of trust, was made up of money which he had loaned Alber from time to time, and $300 which he claims represented the purchase money of said lot. The testimony in chief of plaintiff, on this subject, reads as follows:

"Q. Did you just give it to him, or did he buy it from you? A. Well, that is, I gave him the lot.

"Q. You gave him the lot? A. Yes, sir; I deeded it to him.

"Q. For nothing, or did he pay you anything?

A. I deeded him the lot in consideration of three hundred dollars.

"Q. The consideration for the deed was three hundred dollars? A. Yes, sir.

"Q. Did he pay you the $300? A. He never did."

Emil G. Alber testified, that he was married sixteen years before the trial in 1914, which would be about 1898; that he bought the lot and was to pay plaintiff $300, but never paid for same. Witness testified:

"He (plaintiff) loaned me money from time to time for different things and to live on and at last it came to so much, *that suit was coming up and I wanted some more money. I needed three hundred dollars, and I told him the fix I was in.*"

But he said plaintiff refused to let him have more money without a mortgage to secure it and what he had previously received. Witness, *after saying he did not expect to pay plaintiff*, testified:

"Q. Did you say that you never expected to pay it back? A. Well, yes, I expected of course when I got it to pay it back, *but it was all a sort of a family affair,* and I didn't pay it back, for I never got fixed so I could pay it back, because I didn't have the money."

On August 20, 1909, appellants sued Alber in the circuit court at Independence, Missouri, for $700, and afterwards got judgment against him for said sum. Just *twelve days* after said suit was filed, the deed of trust was executed, and bears date of September 2, 1909.

It appears from the testimony of Mr. L. W. Byram —a witness for plaintiff—that *Alber* got him to prepare the deed of trust and also the deed which he made to plaintiff. Witness testified that he had never seen *plaintiff* until the day of trial.

The *dealings,* between relatives of this character, where the rights of creditors are involved, as a rule, should be closely scrutinized. [Barrett v. Foote, 187 S. W. (Mo.) 1. c. 70; Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 1. c. 697; Cole v. Cole, 231 Mo. 236; Bank v. Fry, 216 Mo. 1. c. 45.] We are satisfied from the evidence that plaintiff *gave* the lot in controversy to

defendant Alber, without any *intention* of receiving any consideration therefor. Plaintiff's testimony, is vague, indefinite, uncertain, and does not satisfy us that he actually let Alber have any money, with the *intention* of having it *repaid,* before the execution of said deed of trust, but that whatever Alber received, if, anything, *was simply a gift to him as a member of the family.* We are further satisfied from the evidence *that Alber explained his condition to plaintiff,* as above stated and informed him as to the pendency of the Severance suit.    *Alber* had the deed of trust prepared himself, after his talk with plaintiff, and likewise had the deed prepared from himself and wife to plaintiff, in which it was provided that the deed of trust was to be satisfied of record.

After carefully reading the record the second time, we are satisfied from same, that plaintiff and defendant, Emil G. Alber, on September 2, 1909, caused the deed of trust aforesaid to be executed and placed of record for the purpose and with the intention of fraudulently placing the lot beyond the reach of appellants, as creditors of said Alber. We are further satisfied from the record, that both *plaintiff and Alber* caused to be prepared and recorded the warranty deed from Alber and wife to plaintiff, *under the belief* that by so doing, they had cut off the right of appellants, as creditors of Alber, from charging said lot with the payment of their debt, or from acquiring the title thereto under an execution sale.

On the record before us, we are of the opinion that plaintiff is not entitled to the relief prayed for in this action.

II.   In addition to the conclusion above reached, we are of the opinion that plaintiff is not entitled to maintain this action on account of the intervening rights of appellants.   The sequence of events, leading up to the present suit, as shown by the record, may be stated as follows:   (1)   Suit filed by the Severances against Alber and Kennedy, in the circuit court of Jackson County,

Missouri, at Independence, August 20, 1909; (2) deed of trust, executed by Alber and wife, securing note for $1,000 given by Alber to Rehm, September 2, 1909; (3) judgment rendered in favor of Severances against Alber, April 22, 1910; (4) warranty deed from Alber and wife to Rehm, conveying lot now in question, June 6, 1910; (5) deed of trust released on margin of record by Rehm, June 7, 1910; (6) levy upon lot in question, under the Severances' judgment, May 6, 1912; (7) execution sale of said lot, under Severances' judgment against Alber, June 3, 1912; (8) sheriff's deed to the Severances, conveying said lot, purchased by them at execution sale, June 12, 1912; (9) sheriff's deed, last mentioned, recorded, June 18, 1912; (10) suit now at bar filed by Rehm, seeking to set aside his own release of the deed of trust and to re-instate same as a lien upon the property superior to appellants' (Severances') title acquired at sheriff's sale, July 30, 1912.

Plaintiff in chief, testified:

"Q.   When was the first time you learned about this judgment?   A.   Well, later on.

"Q.   Well, how long?   A.   *In a short time.*

"Q.   Before or after you got the deed back?   A. *Before* he gave me the deed back I heard something.

. . .

"Q.   After they had sold it under the judgment and had taken it?   A.   Yes, sir."

Of course *Alber* knew of the suit, and must have known of the rendition of the judgment. *He was acting for himself and plaintiff,* when he executed both the deed of trust and warranty deed to respondent. Although the plaintiff knew of the judgment and sale thereunder, he made no effort to have his entry of satisfaction of the deed of trust set aside until July 30, 1912, when the present suit was commenced. We are satisfied from the testimony that both plaintiff and Alber knew of the pendency of the Severance suit, and had the warranty deed executed and recorded to cut off the right of an execution purchaser to buy the land and obtain the title

thereto. There is nothing in the record to indicate that appellants, or either of them, had any notice of any *alleged equities* between plaintiff and Alber. The warranty deed dated June 6, 1910, in express terms provides that the deed of trust was to be satisfied of record. It was released on June 7, 1910, by plaintiff in person.

Plaintiff's petition, among other things, in referring to said warranty deed, alleges:

*"That the consideration for the said conveyance was the agreement of this plaintiff with the said Emil G. Alber to surrender his obligation upon the said note."*

Here, then, was the warranty deed, dated June 6, 1910, providing for the release of the deed of trust; the deed of trust released on the margin by plaintiff on June 7, 1910; the lot in controversy levied on by the sheriff, under the Severance judgment, on May 6, 1912; the execution sale thereunder on June 3, 1912; the sheriff's deed delivered to appellants for said lot on June 12, 1912, and said sheriff's deed duly recorded in Jackson County, Missouri, on June 18, 1912. *It thus clearly appears, that the deed of trust was satisfied of record, when the lot was levied on and sold under the above judgment. The deed to appellants for said lot was duly recorded before the commencement of this action to set aside the release upon the margin of said deed of trust.* On the record thus made, we are of the opinion that appellants, under the following authorities, have acquired the fee simple title to the lot in controversy: Sections 2810-11, Revised Statutes 1909; Keaton v. Jorndt, 259 Mo. l. c. 194-5; Tate v. Sanders, 245 Mo. l. c. 217; Higbee v. Bank, 244 Mo. l. c. 427; White v. Lumber Co., 240 Mo. l. c. 20-21; Land & Lumber Co. v. Bippus, 200 Mo. l. c. 697; Harrison Machine Works v. Bowers, 200 Mo. l. c. 231-2; Payne v. Lott, 90 Mo. l. c. 681; Vance v. Corrigan, 78 Mo. 94.

In Higbee v. Bank, supra, the facts, in some respects, were similar to those at bar. On page 428, we said:

"In an execution sale the purchaser gets title through his sheriff's deed as against a deed by the execution debtor unrecorded at the time. [Vance v. Corrigan, 78 Mo. l. c. 95-6; Harrison Machine Works v.

Bowers, 200 Mo. l. c. 231-2.]   At very best defendant's released deed of trust could not stand on a better foot than an unrecorded deed.''

The foregoing authorities, as well as many others which might be cited, clearly sustain the above quotation. It may be said in passing, that the *converse* of this rule is equally true, and that, where a deed of the execution debtor, which had formerly remained unrecorded, is filed for record before a sale takes place under an execution, it would pass the title, as against the subsequent purchaser at the execution sale.   [Givens v. Burton, 183 S. W. (Mo.) l. c. 622, and cases cited.]

The plaintiff in this case invokes the aid of a court of equity to set aside and cancel a release which he has voluntarily entered upon the margin of a deed of trust duly recorded. He seeks to cancel a warranty deed which he obtained from his son-in-law for the lot in controversy, and also asks that said deed of trust be reinstated and declared a prior lien on said lot.   He simply alleges that appellants knew of the deed of trust *when they obtained their judgment on April* 22, 1910, and does not charge them with notice of any equities *when they purchased*.   If it was a bona-fide deed of trust, the record of same imparted constructive notice to appellants, as to its contents, whether they had any actual knowledge of same or not. The judgment rendered in favor of appellants gave them a lien on the lot in controversy, subject to the lien of said deed of trust, if bona-fide. On June 6, 1910, Alber conveyed the lot to plaintiff by warranty deed, and provided therein, that said deed of trust should be released.   On the following day—June 7, 1910—said deed of trust was released on the margin of the record by plaintiff. This release of the deed of trust by the latter, destroyed the *constructive* notice which it formerly imparted, to the effect, that it was a prior lien on said lot. The *judgment* was then left in full force and effect as the *first* lien on said lot, and so continued up to the time when appellants bought the property at execution sale, on June 3, 1912.  The plaintiff allowed his entry of satisfaction, on the margin of said deed of trust, to remain

from June 7, 1910, until the commencement of this action on July 30, 1912, without taking any steps to set the same aside. Instead of bringing this suit, suppose the plaintiff, on July 30, 1912, had obtained a deed of trust from Alber and wife, undertaking to *correct* the marginal release, etc., it is clear that under the above authorities, *with appellants' deed on record,* the second deed of trust would be inoperative to restore the former deed of trust or give it vitality.

Plaintiff's petition fails to allege that appellants had any notice of his alleged equities growing out of the entry of satisfaction upon the margin of said deed of trust, *when they bought at the execution sale in June, 1912, nor is there any testimony in the record tending to show such notice.*

On the record before us, the respondent has failed to make out his cause of action. Under the law and facts of the case, the appellants are entitled to a decree, declaring them to be the owners in fee of the real estate in controversy.

III. We have examined the authorities cited by respondent, and do not deem them in conflict with the conclusions heretofore reached, when considered in the light of our Recording Act. We accordingly reverse and remand the cause with directions to the trial court to set aside its decree; to dismiss plaintiff's bill; to enter a decree in favor of appellants herein, declaring them to be the owners in fee as tenants in common of the real estate in controversy; and to take such steps as may be necessary to put them in possession of said real estate, etc.

*Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of Railey, C., is hereby adopted as the opinion of the court. All of the judges concur; *Bond, P. J.,* in result.