**In re Rochelle SOMMERVILLE, Debtor.**

**Washington Mutual Bank F.A., Plaintiff,**

v.

**Rochelle Sommerville, and John V. LaBarge, Jr., Chapter 13 Trustee, Defendants.**

Bankruptcy No. 04–53928–659.
Adversary No. 04–4341–659.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Oct. 13, 2005.

John V. LaBarge, Jr, St. Louis, MO, Chapter 13 Trustee.

Tracy A. Brown, St. Louis, MO, for debtor.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Plaintiff's Motion for Summary Judgement and Memorandum in Support of Plaintiff's Motion for Summary Judgment. Defendant John V. LaBarge, Jr., Chapter 13 Trustee filed his Response to Motion for Summary Judgment and Memorandum in Support of Defendant John V. LaBarge, Jr. Standing Chapter 13 Trustee's Response to Plaintiff's Motion for Summary Judgement. Rochelle Sommerville, Debtor, filed her Response to Motion for Summary Judgment and Memorandum in Support. By agreement of the parties, Defendants' Responses and Memorandum are treated as cross-motions for summary judgment. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Plaintiff, Washington Mutual Bank, F.A., as Servicer for Deutsche Bank National Trust Company is a corporation organized and existing under the laws of the state of Delaware and is authorized to do business in the State of Missouri. Debtor, Rochelle Sommerville, filed for relief under Chapter 13 on November 1, 2004. John V. LaBarge, Jr., Standing Chapter 13 Trustee, is the duly appointed and acting Trustee in Debtor's case.

On June 6, 2001, Debtor executed and delivered to Long Beach Mortgage ("Long Beach") a Fixed/Adjustable Rate Note ("Note") in the original principal sum of $46,400. The Note was secured by a Deed of Trust dated June 6, 2001 encumbering real estate at 3900 San Francisco Court, St. Louis, Missouri. On October 19, 2004, Long Beach signed an assignment of Deed of Trust assigning the Deed of Trust to Deutsche Bank National Trust Company.

On November 21, 2003, a Corporate Deed of Release was signed by Washington Mutual Bank, F.A. acknowledging payment in full by Debtor to Long Beach Mortgage Company. The Corporate Deed of Release was recorded and filed on December 4, 2003, with the Recorder of Deeds for the City of St. Louis, Missouri.

Plaintiff alleges that the Corporate Deed of Release was filed in error and that the Note has not been paid in full. Plaintiff seeks to have the Deed of Release set aside and the Deed of Trust reinstated. Plaintiff argues that to deny it the relief requested would unjustly enrich Defendant.

Debtor and Trustee oppose reinstatement of the Deed of Trust as violating 11 U.S.C. § 544(a) that makes Trustee holder of a hypothetical perfected judicial lien or bona fide purchaser for value as of the date of the order for relief in this case. They also point out that Plaintiff did not have a duly recorded and perfected security interest in Debtor's real estate at the time of filing of the petition.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2004), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(k) (2004). Venue is proper under 28 U.S.C. § 1409(a) (2004).

## CONCLUSIONS OF LAW

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by rule 7056." *In re Prince Gardner, Inc.*, 220 B.R. 63, 64 (Bankr.E.D.Mo.1998). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may...move with or without supporting affidavits for a summary judgment in the party's favor..." FED. R. BANKR. P. 7056(a) (2004).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c) (2004). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212–13 (1986). "If the adverse party does not...respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. BANKR. P. 7056(e) (2004). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir.1992).

"Summary judgment will be granted whenever the moving party establishes all the elements necessary to prevail unless the non-moving party presents a genuine fact in dispute." *In re Gardner*, 220 B.R. at 64. "An issue of genuine fact exists and summary judgment must be denied if the court determines that there may be sufficient evidence presented at trial to allow a verdict in favor of the non-moving party." *Id.*

There is no genuine issue of fact in dispute. There is no dispute that at the time of filing of the bankruptcy petition by Debtor, Plaintiff held no valid security in-

terest in Debtor's real estate. The remaining issue is whether the evidence, when presented in a light most favorable to the non-moving party, entitles the moving party to judgment as a matter of law.

Section 544(a) of the Bankruptcy Code provides Trustee with the rights and powers of, as of the commencement of the case, a judicial lien holder, a judgment creditor holding a levy of execution, and a bona fide purchaser. *See* 11 U.S.C. § 544(a) (2004). Under Missouri law, a creditor that mistakenly releases a lien may not reinstate that lien if there is a subsequent lien holder or bona fide purchaser. *In re Iowa–Missouri Realty Co., Inc.,* 86 B.R. 617 (Bankr.W.D.Mo.1988); *Rehm v. Alber,* 272 Mo. 452, 199 S.W. 170 (1917); *Leawood National Bank of Kansas City v. City National Bank and Trust Company of Kansas City,* 474 S.W.2d 641 (Mo.Ct.App.1971).

This was also the finding of the Court in *In re Whitlow,* 116 B.R. 158 (Bankr. W.D.Mo.1990). In this case, the debtor had one loan secured by two deeds of trust and when the debtor sold one of the pieces of property, the creditor released the deed of trust on the piece of property that was not sold. Nearly three years later, debtor filed a bankruptcy case and creditor sought to have the deed of release voided; however, the Court denied this request, finding that the creditor was not entitled to reformation of the deed of release since the trustee held the status of a bona fide purchaser.

Thus, the Court concludes that at the commencement of this case, Plaintiff did not have a perfected lien on Debtor's real estate, having released its lien by signing and recording the Deed of Release. Upon the filing of Debtor's bankruptcy case, Plaintiff was prohibited by the automatic stay from pursuing any action to perfect or reinstate its lien since the Chapter 13 Trustee became a hypothetical lien creditor. Consequently, the Chapter 13 Trustee's interest is senior to any subsequently perfected interest, which is all that Plaintiff could achieve by perfecting or reinstating its lien at this time. Therefore, Plaintiff's Motion for Summary Judgment is denied as Defendants are entitled to summary judgment as a matter of law. By separate order, Defendants' cross-motions for summary judgment will be granted.

### ORDER

Upon consideration of the record as a whole, and consistent with the Findings of Fact and Conclusions of Law entered separately in this matter,

**IT IS ORDERED THAT** Plaintiff's Motion for Summary Judgement is DENIED and Defendants' cross-motions for summary judgment are GRANTED; and

The judgment on this Complaint is entered in favor of Rochelle Sommerville, Debtor and John V. LaBarge, Jr, Chapter 13 Trustee, Defendants and against Washington Mutual Bank F.A., Plaintiff.